BRITTIN *vs.* MITCHELL.

A bond, executed to A. B., administrator, *or* C. D., administratrix, of E. F., is a good bond, and negotiable, so that, if assigned by both A. B. and C. D., suit may be brought on it by the assignee.

The word *or* must be taken to mean *and*, in such a case.

DEBT, upon a bond executed by *Brittin* and others, to *Samuel Gray*, administrator, *or Lucy Gray*, administratrix, of *Matthew Gray*, deceased; determined in the Hempstead Circuit Court, in October, A. D. 1841, before the Hon. WILLIAM CONWAY B., one of the Circuit Judges. The defendant, Brittin, demurred to the declaration; and his demurrer being overruled, judgment went against him, and he sued his writ of error.

*Pike*, for the plaintiff.

A contingency or uncertainty, by or to whom a bill or note is payable, is fatal to its validity. *Ch. on Bills*, 159, a.

Every contract must show in whose favor it is to be performed, or it will be void for uncertainty in an essential particular. If it be really,

Brittin *vs.* Mitchell.

uncertain by or to whom payment is to be made, the instrument cannot operate as a bill or note. Thus, a note to be paid " by A. *or else* B.," is bad. So a note whereby the maker promises to pay to A. B., or to plaintiffs, or to his or their order. *Plankentragen vs. Blundell,* 2 *B. & A.* 417. 1 *Leigh, N. P.* 367. *Walrad vs. Petrie,* 4 *Wend.* 575.

The word *or* can never be construed to mean *and,* except where it is clearly necessary to give effect to some clause in a will, or some legislative provision. In such cases, it has been forced out of its proper meaning, to effect these purposes, *but never to change a contract at pleasure. Douglass vs. Eyre, Gilpin,* 147.

*Trimble,* contra.

By the *law merchant,* a contingency, as to person, destroyed the character of the instrument as a bill or note, and it was no longer assignable, or a negotiable instrument. *Chitty on Bills,* 159.

It is not pretended that this instrument is a bill or note, but it is a bond, or a written agreement, under seal; and the payees could have maintained an action of debt on it as a bond, agreement, or contract, to pay a liquidated sum. 4 *Wend.* 575, 6, 7.

Suppose a note, payable to A. or B., under the statute 3 *and* 4 *Ann,* was not assignable, (technically), as a note, so that the assignee could maintain an action in his name; yet, if for value received, a suit could be maintained on it, as a contract, by the obligee. And the reason is, that such a note was not assignable, under the statute above; for that statute was made to give to promissory notes the character of commercial paper: that is, " shall have the same effect as inland bills of exchange." *Chitty on Bills,* 540, *note.* And the statute declares, that the endorsee or assignee " shall and may maintain `his, her, or their action, in like manner as in cases of inland bills of exchange."

The count describing the bond was good, and the plaintiff is entitled to recover. 4 *Wend.* 575.

The instrument of writing, as described in the declaration, is a writing obligatory, and, therefore, imports a consideration. The obligees could recover on it, in debt, as a bond or contract for the payment of a sum certain. 4 *Wend.* 575, 6, 7. And, by our statute,

the assignee may sue for the same, in his own name, as assignee thereof, in the same manner that the original obligee or payee might or could do. *Rev. St. p.* 107, *title Asssignment, sec.* 2. The first section makes " all bonds, bills, notes, agreements, and contracts, in writing, for the payment of money or property, or for both money and property, assignable. *Sec.* 1. A note pay able to A. or B., is not, technically, a negotiable instrument, under the statute of 3 *and* 4 *Ann;* but this does not affect the question. In this case, there is a bond for the payment of a sum certain, and for value received, on which the payees might recover; and, by our statute, above recited, the assignees may sue in the same manner as the original obligee or payee might or could do.

By the Court, DICKINSON, J.

That the Court properly overruled the demurrer, and gave judgment for the plaintiff below, we have no doubt.

There is, certainly, no variance; and we do not think the objection of the bond being payable to Samuel *or* Lucy Gray, tenable. The party, unquestionably, owed the money to the estate of Matthew Gray, deceased; and he executed the bond to the administrator and the administratrix; and because the writing describes it as payable to either one or the other, that cannot vitiate it. The word "or," used in the instrument, must be taken to mean "and."

Under our statute, " all bonds, bills, notes, agreements, and contracts, in writing, for the payment of money or property," are assignable. This is, certainly, one of that description, and therefore assignable.

Judgment affirmed.

