FOO LUN *v.* STATE.

Opinion delivered December 9, 1907.

MEDICINE—PRACTICE OF, DEFINED.—It was error to instruct the jury that
the term "practicing medicine" applies to one "who undertakes to
consider the nature of the ailment of a patient and to prescribe for
him a remedy therefor," as the Legislature in Kirby's Digest, § 5243,
has defined the meaning of that term.

Appeal from Garland Circuit Court; *S. W. Leslie,* Special
Judge; reversed.

STATEMENT BY THE COURT.

The appellant was indicted in the Garland Circuit Court
for practicing medicine without first having procured a certificate
and license as prescribed by the statutes.

John Montgomery testified for the State: "I went up and
got some medicine from defendant, paid him, and he gave me a
receipt.    I was requested by the Medical Board to go there
to get evidence, to see whether or not he was practicing medi-
cine.    He asked me my symptoms.    He has an office something
like a doctor's room.    This was in Garland County, Arkansas,
April 8, 1907."    Cross-examination: "I answered the ques-
tions he asked me.    He felt my pulse, and asked me if I had pains.

I did not ask him to feel my pulse or tell him I had stomach trouble. I acted as a detective. He didn't tell me he only sold medicines, but told me to take this until Wednesday. I saw other persons in the waiting room."

The State then introduced G. J. Erickson, who testified that he was the county clerk of Garland County, and that there was no certificate of the State Board allowing appellant to practice medicine. This was all the evidence.

There was a jury trial, and a verdict of guilty.

Appellant filed a motion for a new trial, and, upon its being overruled, appealed.

*C. V. Teague,* for appellant.

Every material allegation in an indictment must be proved. The indictment in this case charges *repeated* prescriptions by appellant of drugs and medicines. This is material, and, not being proved, the case falls. Underhill on Crim. Ev. 42, § 32; 7 Allen (Mass.), 299.

*William F. Kirby,* Attorney General, and *Dan'l Taylor,* for appellee.

HART, J., (after stating the facts.) Appellant asks for a reversal of this case because the court erred in giving to the jury over his objections instruction No. 3, as follows:

"3. You are further instructed that by the term of 'practicing medicine' it is meant to charge a person who undertakes to consider the nature of the ailment of a patient and to prescribe for him a remedy therefor; and if you find from the evidence in this case that defendant examined into or in any manner considered the physical ailments as represented to him by the witness Montgomery, and prescribed or attempted to prescribe a remedy therefor, you will find him guilty."

Appellant was indicted and convicted under sections 5239 and 5241 of Kirby's Digest regulating the practice of medicine.

A number of States have passed statutes regulating the practice of medicine. In some instances the Legislatures have undertaken to define what is meant by the phrase "practice of medicine;" in others they have not. In cases where the Legislatures have not undertaken to define the meaning of the phrase,

it has been construed to be used in its ordinary and popular sense. In cases where the words "practice of medicine" have been defined by the Legislatures, the definition has been followed by the courts.

Section 5243 of Kirby's Digest provides that "any person shall be regarded as practicing medicine in any of its departments, within the meaning of this act, who shall append M. D. or M. B. to his name; or repeatedly prescribe or direct, for the use of any person or persons, any drug or medicine or other agency for the treatment, cure or relief of any bodily injury, deformity or disease." We think it was the intention of the Legislature to define the crime by the use of the language quoted.

The statute defines practicing medicine as repeatedly prescribing or directing, etc.

The court erred in giving its own meaning to these words in instruction No. 3, and in not defining them in the meaning of the statute. It was the duty of the court to give effect to the intention of the lawmakers as embodied in the statute.

Reversed and remanded.