WILLIAMS v. STATE.

Opinion delivered May 8, 1911.

1. STATUTES—CONSTRUCTION.—Where a section of a statute defining a statutory crime is ambiguous, resort must be had to the whole statute to ascertain its meaning. (Page 152.)

2. PRACTICE OF MEDICINE—SALE OF DRUGS.—An itinerant vendor of drugs or medicines who does not profess to cure diseases or deformity is not within the terms of Kirby's Digest, § 5241, defining who are entitled to practice medicine, and § 5242, providing that "any itinerant vendor of any drug, nostrum, ointment or application of any kind, intended for the treatment of disease or injury, or who may, by writing, print, or other methods profess to cure or treat diseases or deformity by any drug, nostrum, manipulation or other expedient, in this State, shall be deemed to be in violation of the law." (Page 152.)

3. STATUTES—CONSTRUCTION.—To carry out the general purpose and intent of a statute, either civil or criminal, the words "and" and "or" are convertible. (Page 153.)

Appeal from Franklin Circuit Court, Charleston District; *Jeptha H. Evans,* Judge; reversed.

*W. H. Pemberton,* for appellant.

The statute under which appellant was indicted relates solely to the sale of drugs, nostrums, ointments or applications by itinerant vendors, and requires of them as vendors the qualifications of practicing physicians, whereas local vendors are not required to have any such qualifications. The statute is therefore class legislation and unconstitutional and void. Kirby's Dig. § 5242; 124 Ga. 254; 142 Ala. 43; 39 Ala. 203; 85 Ark. 509; 109 S. W. 293; 43 Ark. 60; 70 N. J. L. 537; 175 Ill. 101; 58 Ark. 609; 88 Miss. 209; 187 Ill. 587; 138 Ky. 164; art. 1, § § 3 and 18, Const. Ark.; art. 1, 14th Amendment, Const. U. S.; 6 L. R. A. 622;

109 U. S. 3; 100 Pac. 206; 97 Pac. 126; 104 Pac. 401; 43 S. W. 513; 72 N. W. 67; 98 Pac. 755; 117 S. W. 818; 184 U. S. 540; 79 Fed. 627.

If the word "itinerant" were omitted from the section, it would still be unconstitutional because it would be an unreasonable requirement of vendors of patent and proprietary medicines. 187 Ill. 593; 41 Minn. 74. A statute which makes it unlawful for itinerant vendors to sell drugs, etc., without having a physician's license is an unreasonable exercise of the police power of the State in interfering with the right of a citizen to pursue a lawful occupation. Compare § 8, Illinois Medical Practice Act, 1899.

The indictments do not state an offense. They charge only that appellant sold and was interested in the sale of certain drugs, nostrums, etc., without being authorized to practice medicine. Omission of an allegation that he "professed to cure or treat disease or deformity by any drug, nosturm," etc., was fatal. Kirby's Dig. § 5243; 84 Ark. 475.

*Hal L. Norwood,* Attorney General, and *William H. Rector,* Assistant, for appellee.

The act violates neither State nor Federal Constitution. The unconstitutionality of an act must be clear and manifest before a court will so declare it; and if any reasonable doubt exists as to its constitutionality, it will be upheld. 1 Ark. 513; 33 Ark. 17; 207 U. S. 88. Section 5242 is a mere legislative regulation of the business of peddling medicines, and this court has frequently upheld peddling statutes as valid exercises of the police power of the State. 95 Ark. 464; 93 Ark. 612. See also 14 Cyc. 1083; 54 Ore. 381; 85 Ia. 21; 61 Mo. App. 254; 124 Mo. 577; 92 Ia. 28; 84 Ia. 184; Tiedeman, Police Power, § 85; 83 U. S. 264.

McCulloch, C. J. The following indictment (omitting caption and formal parts) was returned against appellant by the grand jury of Franklin County:

"The said one Williams, on the 30th day of May, 1910, in the county and district aforesaid, unlawfully did sell and was interested in the sale of a certain drug, nostrum, ointment and application intended for the treatment of diseases and injury to

one G. M. St. Clair, he, the said one Williams, then and there being an itinerant vendor of drugs, and he, the said one Williams, not then and there having first procured a certificate authorizing him to practice medicine as provided in section 5238, Kirby's Digest of the Statutes of Arkansas, against the peace and dignity of the State of Arkansas."

This indictment was preferred under the following section, which is a part of the statute enacted in 1903 to regulate the practice of medicine and surgery in this State:

"Any itinerant vendor of any drugs, nostrum, ointment or application of any kind, intended for the treatment of disease or injury, or who may, by writing, print or other methods, profess to cure or treat diseases or deformity by any drug, nostrum, manipulation or other expedient, in this State, shall be deemed to be in violation of this law and punished as provided. This does not apply to persons who obtain certificates as herein provided." See 5242, Kirby's Digest. The statute provides that the State Boards of Medical Examiners of the several schools of medicine shall hold quarterly meetings for the purpose of examining applicants and granting certificates to practitioners, and that "every person who shall practice, or shall attempt to practice, medicine in any of its branches, or who shall perform, or attempt to perform, any surgical operation for any person or upon any person within this State, without first having complied with the provisions of this act, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not less than twenty-five dollars nor more than five hundred dollars; or by imprisonment in the county jail for a period of not less than ten days nor more than ninety days; or by both fine and imprisonment." Sec. 5241, Kirby's Digest.

Appellant demurred to the indictment, and after the overruling of the demurrer he was put on trial and convicted upon testimony showing that he was an itinerant vendor of prepared drugs and sold them to persons in Franklin County.

It will be noticed that the indictment fails to state that appellant did, "by writing, print or other methods, profess to cure or treat diseases or deformity," and it is insisted that the indictment, for that reason fails to charge an offense. The section under consideration is somewhat ambiguous, and, in order to ascertain

its exact meaning, resort must be had to the whole statute, which, in its entirety and according to the language of its title, was designed to regulate the practice of medicine and surgery and to require practitioners to first stand examination and obtain certificates authorizing them to practice. This section and the succeeding one undertake to define what shall constitute the practice of medicine or surgery. *Foo Lun* v. *State,* 84 Ark. 475.

The language of the whole statute, when considered in its entirety, does not warrant the conclusion that the lawmakers intended to require an itinerant vendor, who merely sells medicine, to stand examination and obtain a certificate as a physician. On the contrary, it seems clear to us that it was intended, as one of the definitions of the practice of medicine, to declare that an itinerant vendor of medicine who professes to cure or treat diseases or deformity, by any drug, nostrum, manipulation or other expedient, shall be deemed to be within the terms of the statute and shall be required to obtain a certificate. Any other construction would not only do violence to the scheme outlined in the statute as a whole, but it would render the section meaningless and would give no force at all to the words "who may, by writing, print or other methods, profess to cure or treat diseases or deformity by any drug," etc., for, if it was intended to declare an itinerant vendor who merely sells medicine without a certificate to be an offender, then the words above quoted are useless. If it is made an offense for an itinerant vendor to sell medicine without obtaining a certificate as a physician, why use the words "who may, by writing, print or other methods, profess to cure or treat diseases," etc.? It is our duty to give meaning and effect, if possible, to each word and phrase of the statute. This construction of the statute makes it necessary to disregard the disjunctive "or," or to substitute the conjunctive "and" therefor. This may be done when essential in order to carry out the manifest intention of the lawmakers. "A statute is passed as a whole and not in parts or sections," said a text writer recently, "and is animated by one general purpose and intent. Consequently, each part or section should be construed in connection with every other part or section and so as to produce a harmonious whole." 2 Lewis' Sutherland, Statutory Construction, § 368.

The same author, later on in his book (§ 370) said: "Words and clauses in different parts of a statute must be read in a sense

which harmonizes with the subject-matter and general purpose of the statute." In speaking of the substitution of words the author has this to say (§ 397) : "The popular use of 'or' and 'and' is so loose and so frequently inaccurate that it has infected statutory enactments. While they are not treated as interchangeable, and should be followed when their accurate reading does not render the sense dubious, their strict meaning is more readily departed from than that of other words, and one read in place of the other in deference to the meaning of the context."

Professor Pomeroy, in his notes to Sedgwick on Construction of Statutes (page 371), said that *"And* and *or* are convertible as the sense of the statute may require, even in a criminal statute." The following decisions fully sustain that rule: *State* v. *Myers,* 10 Iowa, 448; *People* v. *Rice,* 138 N. Y. 151; *Boyles* v. *McMurphy,* 55 Ill. 236.

Another text writer on the subject has this to say:

"To carry out the intention of the Legislature, it is occasionally found necessary to read the conjunctions 'or' and 'and,' one for the other. Indeed, those words are said to be convertible into each other, as the sense of the enactment and the necessity of harmonizing its provisions may require." Endlich on the Interpretation of Statutes, § 303.

Our own court has in many cases announced the same principle as to substitution or elimination of words in conformity to the obvious spirit and purpose of the statute and in attempting to carry out the manifest intention of the lawmakers. *Haney* v. *State,* 34 Ark. 263; *Reynolds* v. *Holland,* 35 Ark. 56; *Pryor* v. *Murphy,* 80 Ark. 151; *Bowman* v. *State,* 93 Ark. 168; *Garland P. & D. Co.* v. *State Board,* 94 Ark. 422.

In an early decision of this court, involving the construction of a contract, it was held that the word "and" should be substituted for "or" in order to give effect to the intention of the parties. *Brittin* v. *Mitchell,* 4 Ark. 92.

We conclude, therefore, that the indictment fails to state facts sufficient to constitute an offense, and that the demurrer should have been sustained. Reversed and remanded with directions to sustain the demurrer to the indictment.

HART, J., dissents.