BARLING *v.* STATE.

Opinion delivered March 29, 1920.

1. CONTINUANCE—ABSENT WITNESSES.—It was not error to refuse a continuance for the absence of several character witnesses, in the absence of proof that there were no other witnesses present by whom defendant's general reputation could be established.

2. CONTINUANCE—SHOWING AS TO SICKNESS OF WITNESS.—It was not an abuse of discretion to refuse a continuance for the absence of a witness alleged to be sick, where there was no proof of his sickness or that his illness would require a continuance, instead of a mere postponement.

3. CONTINUANCE—ABSENT WITNESSES.—It was not an abuse of discretion to refuse a continuance for absence of witnesses who were subpoenaed on the day of trial, especially where their testimony would be purely negative.

Appeal from Johnson Circuit Court; *A. B. Priddy,* Judge; affirmed.

*W. A. Ratterree* and *Jno. P. Roberts,* for appellant.

1. The court erred in refusing a continuance. 100 Ark. 301; 140 S. W. 8. Due diligence was shown. 110 Ark. 251; 129 *Id.* 299.

2. Defendant did not obtain a fair and impartial trial and the court erred in overruling the motion for a new trial and the supplemental motion therefor.

*John D. Arbuckle,* Attorney General, and *J. B. Webster,* Assistant, for appellee.

There was no sufficient showing made in the motion for continuance. 94 Ark. 172; 71 *Id.* 62. No abuse of discretion is shown. 100 Ark. 301; 57 *Id.* 168; 41 *Id.* 153.

SMITH, J. This appeal comes from a judgment sentencing appellant to a term in the penitentiary for selling intoxicating liquors, and as grounds for reversal it is insisted that error was committed in refusing him a continuance, and in overruling his supplementary motion for a new trial.

The motion for continuance contained three paragraphs. In the first paragraph it was alleged that appellant had used due diligence to obtain the attendance of a number of witnesses who would testify to his good character, and letters from two of these witnesses were read explaining their inability to attend. The motion recited that "several witnesses are absent," although it does not appear how many of these character witnesses were present. No error appears to have been committed in this respect, because appellant did not use those who were present; in fact, he put on no testimony at all, and no attempt was made to show that the witnesses who were absent possessed any information about appellant's general reputation which was not known to the witnesses who were present.

The close question in the case is whether or not the second paragraph did not contain a sufficient showing to

entitle plaintiff to a continuance. This paragraph related to a witness named John Nordin, and it was recited that Nordin was then confined to his room on account of sickness, but that this information had not been obtained in sufficient time to secure a doctor's certificate to that effect. No effort, however, was made to show that the doctor's certificate could, and would, be obtained if time was afforded for that purpose, nor was any other testimony offered to the effect that the witness was sick and unable to attend. It is recited in the motion that process for the witnesses had been issued and placed in the hands of the sheriff more than twenty-four hours before the filing of the motion; but the court may have concluded that this was not due diligence. Moreover, the court was not asked to postpone the case until it could be ascertained when the attendance of Nordin could be procured, but a continuance was asked for the term.

The third paragraph related to three witnesses who would have testified that they each visited appellant's home frequently "and that neither of them at any time saw the defendant with any liquor, or saw any liquor at the home of Aubrey Nordin, and that if there had been whiskey sold at said home they would have known of same." The sale in which appellant was said to have participated was made at the home of Aubrey Nordin. It will be observed that this is purely negative testimony, it not being contended by the State that any one of the three absent witnesses were present at the time of the alleged sale.

In the supplementary motion for a new trial there were attached affidavits made by these three witnesses, in which they stated that they were subpoenaed on the day of trial, and that the officer serving the process told them that, if they could not attend that day, to attend the following day, and that they came to court the following day, which was Friday, and found that the trial had been concluded the day before. The officer was called and testified, however, that he subpoenaed the witnesses for the day of trial, and the witnesses said they could

not attend that day, and they asked him if the next day would do, and that he said, "You know what the subpoena says," and then he added, "If you don't go this evening, you had better go in the morning."

Considering the wide discretion which must necessarily be allowed the trial courts in passing upon motions for continuance, we can not say there was an abuse of that discretion here.  The court might have found that proper diligence would have required the issuance of these subpoenas at an earlier date, and that an effort should have been made to show that Nordin was ill, if not by a doctor's certificate, then by some other competent evidence, and that a showing should also have been made whether or not that illness would probably require a continuance beyond the term.

The judgment must, therefore, be affirmed, and it is so ordered.