CLARK *v.* STATE.

Opinion delivered September 25, 1922.

1. CONTINUANCE—DISCRETION OF COURT.—Where defendant was indicted on March 9th, and his case set for trial on March 15th, and he had subpoenas for witnesses issued on March 13th, but the sheriff was unable to serve the writs on some of his witnesses, it was not an abuse of discretion to refuse a continuance for the term.

2. CRIMINAL LAW—BURDEN OF PROVING DEFENSE.—Under Acts 1921, p. 372, No. 324, § 2, prohibiting the keeping of a still without registering it, the burden is on the defendant to prove that the still was registered.

3. STATUTES—"AND" READ AS "OR" WHEN.—Where the first four sections of Acts 1921, No. 324, define certain acts which are denounced as unlawful, and each section was complete in itself, the word "and" in section 6, providing that any person violating sections 1, 2, 3 and 4 should be punished as stated, should be read as "or."

Appeal from Lawrence Circuit Court, Eastern District; *Dene H. Coleman,* Judge; affirmed.

*J. E. Anderson, Smith & Gibson* and *Schoonover & Jackson,* for appellant.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

SMITH, J. The indictment under which appellant was tried contained two counts. He was convicted under the first count, which charged that he had kept in his possession a certain stillworm and still without registering the same with the proper United States officer.

Error is assigned in the refusal of the court to grant a continuance. In support of that motion appellant offered evidence tending to show the diligence he had employed to secure the attendance of certain absent witnesses. The evidence on this subject is to the following effect. Appellant had been bound over by a justice of the peace to await the action of the grand jury. He was indicted on March 9th, and his case set for trial on the following Wednesday, which was March 15th. He caused subpoenas for his witnesses to be issued on Monday, March 13th, and the sheriff reported that certain of them could not be found. Appellant made the showing that these witnesses could have been found had the officer pursued his search for them more diligently. The court found, however, that appellant had not used proper diligence in having subpoenas issued, and overruled the motion.

Appellant did not ask a postponement for a few days' that the witnesses might be served. The prayer of his motion was that the cause be continued for the term, and the judge, in overruling the motion, announced his conclusion to be that appellant had not used proper diligence to get ready for trial at that term. These matters rest largely in the discretion of the trial court, and as no abuse of discretion was shown we cannot reverse the judgment for the failure to grant a continuance. *Barling* v. *State,* 143 Ark. 164.

The State proved that the still was found in appellant's possession, but no evidence was offered that he had not registered it with the proper United States officer, and the court refused an instruction requested by appellant that the burden of showing this fact was on the State. No error was committed in refusing this instruction, as it was held in the case of *Moore* v. *State,* 154 Ark. 13,

that this was a negative averment, particularly within the appellant's knowledge, and should have been disproved by the appellant himself. See also *Ring* v. *State,* 154 Ark. 250.

Both counts of the indictment were drawn under section 2 of act 324 of the General Acts of 1921 (General Acts 1921, p. 372). This act consists of seven sections, the first four of which denounce various acts as being unlawful, and by section 6 thereof it is provided that "any person who shall violate sections 1, 2, 3 and 4 of this act shall be guilty of a felony, and upon conviction shall be punished by imprisonment in the penitentiary for not less than one and not more than five years."

Appellant requested the court to direct a verdict of not guilty "because the penalty section of the act under which the indictment is brought only provides for a penitentiary sentence in case of an accused violating sections 1, 2, 3 *and* 4 of the statute, and that the State has not shown, nor charged, that defendant violated all four of them, that only two of them are charged to have been violated." In other words, the insistence is that, because the connective conjunction "and," rather than the disjunctive conjunction "or," appears in section 6, a conviction can be had in the event only that a violation of all four sections is shown.

We think section 6 should not be so construed, and that its proper construction, to give effect to the manifest intent of the Legislature, requires the word "and" in section 6 to be read as "or."

Each of the first four sections of this act defines certain actions which are denounced as unlawful, and it is quite obvious that the Legislature intended to make all the actions defined in each of said sections, respectively, unlawful. Each section of the act is complete in itself, and while it would not be impossible for a person to violate all the provisions of sections 1, 2, 3 and 4, it would be a strained construction of the act to say that a completed crime was not committed until all four sections had been violated.

·It is a settled rule of construction that a statute must ·be read as a whole to ascertain its meaning, and to give effect to the meaning of a statute thus ascertained courts are quite frequently required to eliminate or to substitute words for those employed by the Legislature. In the discharge of this duty this court held, in the case of *Williams* v. *State,* 99 Ark. 149 (quoting a syllabus), that "to carry out the general purpose and intent of a statute, either civil or criminal, the words 'and' and 'or' are convertible."     See also *McDaniel* v. *Ainsworth,* 137 Ark. 280.

No error appearing, the judgment is affirmed.