MITCHELL *v.* STATE.

Opinion delivered January 8, 1923.

1. INTOXICATING LIQUORS—STATUTE CONSTRUED.—Each of the acts
denounced in the first four sections of General Acts 1921, No.
324, relating to making mash, keeping a still without registry, set-
ting up a still, or manufacturing a still worm without paying
the tax, etc., is a separate offense, and the punishment provided
by § 6 of the act is applicable to each of such offenses.

2. CRIMINAL LAW—RESPONSIVENESS OF VERDICT.—In an indictment
for setting up a distillery for the purpose of manufacturing dis-
tilled spirits for beverage purposes, and for manufacturing such
spirits, a verdict finding the accused "guilty of setting up a dis-
tillery as charged in the indictment" is responsive.

3. CRIMINAL LAW—CUSTODY OF JURY.—Where no objection was
made because the sheriff had charge of the jury during its de-

liberation, the question whether the sheriff was a partisan of the State will not be considered on appeal.

4.  CRIMINAL LAW—INSTRUCTION ALREADY GIVEN.—The refusal of an instruction on reasonable doubt which was fully covered by instructions given at appellant's request was not error.

5.  CRIMINAL LAW—INSTRUCTION—WEIGHT OF EVIDENCE.—In a prosecution under General Acts 1921, No. 324, for setting up a distillery for manufacturing spirits, wherein it was a disputed question whether accused had a shotgun in his hand for lawful purposes when arrested, an instruction that the law presumed that accused's possession of the gun was for a lawful purpose was properly refused, being on the weight of the evidence.

6.  INTOXICATING LIQUORS—INSTRUCTION.—In a prosecution for setting up a distillery for manufacturing distilled spirits for beverage purposes, and for manufacturing such spirits, an instruction which defined the two crimes was correct; and, if it had been incorrect, it would not have been prejudicial to accused.

Appeal from Ashley Circuit Court; *Turner Butler,* Judge; affirmed.

*G. P. George* and *Frank Strangways,* for appellant.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

HUMPHREYS, J. Appellant was indicted in the circuit court of Ashley County for setting up a distillery for the purpose of manufacturing distilled spirits for beverage purposes, and with operating said distillery unlawfully and feloniously in the manufacture of said spirits. He was subsequently tried, convicted, and adjudged to serve a term of two years in the State Penitentiary as punishment therefor, from which is this appeal.

Appellant was indicted for two separate offenses under act 234 of the General Assembly of 1921. The punishment fixed by § 6 of said act was imposed upon appellant. It is insisted that the punishment provided by said section is applicable in the event only that an accused is charged and convicted of violating §§ 1, 2, 3, and 4 of said act. The act in question was construed in the recent case of *Clark* v. *State,* 155 Ark. 16, to mean the acts denounced in each of the first four sections constituted separate and complete offenses, and that the

punishment provided by § 6 of the acts is applicable to each offense. We think the interpretation placed upon the act in that case correctly reflected the intent of the Legislature.

Appellant also insists that the judgment must be reversed because the verdict is not responsive to either one of the two offenses charged in the indictment. The verdict is as follows: ''We, the jury, find the defendant guilty of setting up a distillery as charged in the indictment, and assess his punishment at two years' imprisonment in the State Penitentiary.'' The indictment contains only one charge, for setting up a distillery, and embraces the purpose for which it was set up, so, when the verdict specified that the distillery was set up by appellant as charged in the indictment, it was responsive to the charge, and definitely and certainly meant that appellant set up a distillery for the purpose of manufacturing distilled spirits for beverage purposes.

Appellant's next insistence for reversal is that the court erred in permitting the sheriff, L .W. Dew, a State's witness, to have charge of the jury during its deliberation on the case. No objection was made or exception saved at the time to the sheriff taking charge of the jury, so it is unnecessary to consider or determine whether the sheriff was a partisan of the State.

Appellant's next insistence for reversal is based upon the court's refusal to give his requested instruction No. 3, relative to the application of the doctrine of reasonable doubt. This instruction was fully covered by appellant's requested instruction No. 2, which was given by the court.

Appellant's next insistence for reversal is based upon the court's refusal to give the following instruction requested by him:

''You are instructed that the defendant had a legal right to be where he was at the time of the arrest, and the law presumes that he was there for a lawful purpose; that he had a legal right to be there armed with a shot-

gun loaded in any manner, and the law presumes that he had the gun for a lawful purpose. You are therefore instructed that you will indulge the presumption that the defendant was where he was for a lawful purpose, and that he was there for a lawful purpose; this presumption is and remains with the defendant until overcome by evidence on the part of the State which convinces your minds to the contrary beyond a reasonable doubt.''

It was a disputed question of fact, under the record made, whether appellant had the gun in his hand when arrested, for lawful or unlawful purposes. The refused request was a declaration upon the weight of the evidence upon this issue, and was properly refused.

Appellant's next and last insistence for reversal is that the court erred in giving the State's requested instruction No. 1. This instruction defined two crimes, and did not, as contended by appellant, treat the setting up and operating a distillery as a single crime. If it had told the jury that setting up and operating a distillery constituted a single crime instead of two offenses, it would have redounded to the benefit rather than to the prejudice of appellant, for then it would have been necessary for the State to prove both a setting up and operation of a distillery in order to obtain a conviction.

No error appearing, the judgment is affirmed.