## BURT *v.* STATE.

### Opinion delivered September 24, 1923.

1. CONTINUANCE—DISCRETION OF COURT.—As the granting or refusing of a continuance rests largely in the discretion of the trial court, a judgment will not be reversed on account of the refusal to grant a continuance unless there has been an abuse of this discretion.

2. CONTINUANCE—ABSENT WITNESS.—A continuance for the absence of a material witness was properly refused upon a mere showing that the witness "is unable to attend court on account of illness," without showing the nature or probable duration of the illness or that the witness would not be able to attend court later in the term.

3. CONTINUANCE—ABSENT WITNESS—SHOWING OF DILIGENCE.—It was error to refuse a continuance for the absence of a material witness on account of sickness where due diligence was shown in process for the witness and it affirmatively is shown that the

witness will not be able to attend court during the term; and the right to a continuance is not defeated by an offer to admit the recitals of the motion for a continuance as a deposition of the absent witness without admitting the truthfulness thereof.

Appeal from Conway Circuit Court; *J. T. Bullock,* Judge; affirmed.

*Gordon & Combs,* for appellant.

*J. S. Utley,* Attorney General, and *John L. Carter,* Assistant, for appellee.

Smith, J. Appellant was charged with incest, and his trial resulted in a conviction, and for the reversal of the judgment the only error insisted upon is that the court erred in refusing to grant a continuance for the term on account of the absence of a witness, Mrs. May Bradford.

The motion for continuance recited that this witness was present when the alleged offense was committed, and that she could see and did see the defendant at the time of the alleged commission of the offense, and knew that he did not commit the crime charged. The motion recited that this witness had been subpoenaed, but was unable to attend court on account of illness, and that defendant could and would have had her in attendance at the next term of court. The court overruled the motion for a continuance, but permitted the defendant to read the motion as a deposition of the witness, and defendant excepted.

We have many times held that the matter of granting or refusing continuances rested largely in the discretion of the trial court, and that a judgment would not be reversed on account of the refusal to grant a continuance unless there had been an abuse of this discretion.

In this case the court convened on the first Monday in March, which was March 5th. Appellant had been indicted at the previous October term of the court, and had been arrested January 6, 1923, at which time he gave bond. Defendant had therefore had ample time to pre-

pare for trial, and to know the location and condition of his witnesses. The motion for continuance was sworn to on March 9 by the defendant and filed in open court on March 10, when the case was called for trial. This was during the first week of the term. There was no statement as to the nature or character of the illness of the witness, the motion being silent as to the beginning or probable duration of the illness, and there was no showing that the witness might not have been able, later in the term, to attend court, the only showing on the subject being the statement in the motion "that said witness is unable to attend court on account of illness."

There was no explanation of the absence or more definite information concerning the illness of the witness, nor was there any request. that time or opportunity be given to make a more definite showing. Under these circumstances we are unwilling to say. that the court abused its discretion in refusing to continue the case for the term. *Clark* v. *State,* 155 Ark. 16; *Barling* v. *State,* 143 Ark. 164.

No error appearing, the judgment is affirmed.

SMITH, J.; (on rehearing). A petition for rehearing has been filed, in which our attention is called to the amended record brought up by certiorari. The original brief of appellant was filed on July 23, and the motion for continuance was copied in full therein, but there was no showing as to the proceedings relating thereto, except that it was overruled. The brief of the State was filed on August 7, and it was there insisted that a proper showing to obtain a continuance had not been made.

Thereafter appellant suggested a diminution of the record, and a writ of certiorari was issued by the clerk of this court on September 1, 1923, and the return thereon by the clerk of the court below was filed on September 4. This return contains the judgment of the court overruling the motion for a continuance, and in this judgment it is recited that an attachment issued for the absent witness and was duly served, and that

the court appointed a reputable physician to examine the witness, and that the physician made the examination and reported that the witness would be unable to attend court for a period of ten days, but would then be able to attend.

The judgment brought up on certiorari further recites that "comes the prosecuting attorney, Sam Rorex, and states to the court that he will admit that the testimony of said witness would be as alleged, and, upon said agreement being entered by the prosecuting attorney, over the objection of the defendant, the court doth overrule said motion for a continuance, and orders that said cause be tried, to which ruling and judgment of the court the defendant at the time objected and saved his exceptions."

Our attention was not called to this record, and it was not therefore considered by us on the original submission, and we accepted the view of the Attorney General that a proper showing to obtain a continuance had not been made.

It now appears that appellant did use diligence to obtain the attendance of the absent witness and did make the showing which we said in the original opinion should have been made. The continuance should therefore have been granted.

Counsel for appellant says that the ruling of the court below to which appellant excepted was made upon the assumption that appellant was entitled only to have the testimony admitted as a deposition without any admission of the truth of the testimony. If this is true, the court was in error, for, if appellant's showing entitled him to have the witness present, that right could be denied him only by admitting the truthfulness of the testimony; and that was not done.

The materiality of the testimony is not questioned, and, as there was a showing of diligence and that the attendance of the witness could be procured, the continuance should have been granted, and the right thereto was not defeated by the offer to admit the recitals of

the motion for a continuance as a deposition of the absent witness without admitting the truthfulness thereof. *Price* v. *State,* 71 Ark. 180; *Graham* v. *State,* 50 Ark. 161; *Jones* v. *State,* 99 Ark. 394.

The judgment of affirmance is therefore set aside, and for the error in refusing the continuance the judgment is reversed and the cause remanded for a new trial.