T.L. Goodwin, Colonel Director, Arkansas State Police P.O. Box 5901 Little Rock, AR 72215
Dear Colonel Goodwin:
This is in response to your request for an opinion regarding Act 152 of 1987, which is codified at A.C.A. 6-21-106 (Supp. 1987). You have asked how many times a year a fire department is required to inspect a school under this act.
Our response must be based upon an interpretation of the language of the act, in the absence of judicial decisions or other legislative enactments offering guidance on the question. The pertinent language is as follows:
 At least seven calendar days prior to the closing of any public elementary or secondary school building for Thanksgiving, Christmas, spring break, or the end of a school year, the school superintendent shall notify the fire chief of the fire department providing fire protection to the school building.
A.C.A. 6-21-106(a)(1) (Supp. 1987).
It is well-established that legislative intent must be discerned from the language employed if a statute is clear and unambiguous on its fact. Mourot v. Ark. Bd. of Dispensing Opticians, 285 Ark. 128,685 S.W.2d 502 (1985). This precept compels us to conclude that Act 152 mandates the school superintendent's notification of the fire chief prior to a school's closing for either Thanksgiving, Christmas, spring break, or the end of the school year. Thus, an inspection must occur at one of these times, following such notification. While it is true that the words "and" and "or" may be read interchangeably in certain instances [see, e.g., Clark v. State, 155 Ark. 16, 243 S.W. 865 (1922); Shinn v. Heath, 259 Ark. 577, 535 S.W.2d 57 (1976)], ordinarily these words may not be substituted for one another, particularly where a list exists with "or" inserted between subsections. 1A Sutherland Statutory Construction 21.14 (1985).
While the title of Act 152 does state that the act requires inspections prior to closing ". . . for Thanksgiving, Christmas, Spring Break, and between school years" (emphasis added), it must also be recognized that a court will not resort to extrinsic matters where legislative intent clearly appears from the language employed. Hot Springs School Dist. No. 6 v. Wells, 281 Ark. 303,663 S.W.2d 733 (1984). And the title of an act cannot overcome the meaning of plain and unambiguous words used in the body of the act. Weir v. U.S., 339 F.2d 82 (8th Cir. 1964).
Of additional significance in this instance is the fact that Act 152 contains a penal provision. It is clear that criminal statutes must be strictly construed with all doubts resolved in favor of the defendant. Knapp v. State, 283 Ark. 346, 676 S.W.2d 729
(1984). Section 2 of Act 152 [A.C.A. 6-21-106(b) (Supp. 1987)] subjects anyone who intentionally violates the act to a misdemeanor and $100.00 fine. It may therefore reasonably be concluded that any doubt as to the number of required inspections will be resolved in favor of one accused of noncompliance, and that a court will in all likelihood conclude that an inspection must be conducted following notification at one of the specified times.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.