The Honorable Jimmie Don McKissack State Representative 3418 Highway 65 South Pine Bluff, Arkansas 71601
Dear Representative McKissack:
This is in response to your request for an opinion on the legality of passing an automobile when approaching within one-hundred feet of or traversing any intersection. Specifically, your question refers to A.C.A. § 27-51-307(b) (Repl. 1994) which provides as follows:
 (b) No vehicle shall, in overtaking and passing another vehicle or at any other time, except upon a one-way roadway, be driven to the left side of the roadway, under the following conditions:
 (1) When approaching the crest of a grade or upon a curve in the highway where the driver's view along the highway is obstructed;
 (2) When approaching within one hundred feet (100') of or traversing any intersection or railroad crossing;
 (3) When the view is obstructed upon approaching within one hundred feet (100') of any bridge, viaduct, or tunnel;
 (4) Where official signs are in place directing that traffic keep to the right, or a distinctive center line is marked, which distinctive lines also so direct traffic as declared in the sign manual adopted by the State Highway Commission.
Your question is whether a person can legally pass within one hundred feet of an intersection, such as where a county road and a state highway intersect (see (b)(2) above), if the highway has not been marked with a distinctive center line under A.C.A. § 27-51-307(b)(4). It is my opinion that the answer to this question is "no."
Subsection (b) above delineates four separate instances in which it is unlawful to overtake another vehicle on the left. These four instances, in my opinion, operate independently of each other. That is, it is unlawful to overtake another vehicle on the left if any of the conditions enumerated in these four subsections are present. See generally, Clarkv. State, 155 Ark. 16 (1922) (holding that where four enumerated sections of a criminal statute define certain actions as unlawful, and are complete in themselves, the legislature intended to make the actions defined in each of the subsections unlawful). In my opinion, subsection (b)(4) should not be given any more weight than (b)(1), (b)(2), or (b)(3). Your question appears to posit that when a driver overtakes another vehicle on the left, the law is not violated unless there is a distinctive center line marking the highway. This is not true under the statute set out above. The law may be violated in four different ways where there is no distinctive center line marking the highway, to wit: 1) where the driver is approaching the crest of a grade or upon a curve where the driver's view is obstructed; 2) where the driver is approaching with one hundred feet of or traversing any intersection or railroad crossing; 3) where the view is obstructed upon approaching within one hundred feet of any bridge, viaduct, or tunnel; and 4) where official signs are in place directing that traffic keep to the right. Passing another vehicle where there is a distinctive center line which indicates that traffic is to stay to the right is only one way of violating this statute.
It is therefore my opinion that the answer to your question is "no."
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh