Cathyrn E. Hinshaw, Executive Director LOPFI 2020 West Third, Suite 300 Little Rock, Arkansas 72205
Dear Ms. Hinshaw:
This is in response to your request for an opinion regarding Ark. Stat. Ann. 19-2208(b) (Cum. Supp. 1985). You have asked, specifically, whether 19-2208(b) restricts the benefits payable to a deceased firefighter's dependents, the benefit to which the firefighter would have been entitled, or whether the benefits to the family may exceed the volunteer employee's benefit.
You note in your request that the benefit extended to volunteer firemen is $30.00 per month for those who have 20 years or less of service credit, and a maximum of $55.00 per month for those with 25 or more years of service. You also state that there is no salary attached to rank in volunteer departments.
Section 19-2208(a) states in pertinent part that the spouse of a deceased volunteer fireman shall be paid "a monthly pension equal to the amount of the pension or retirement pay attached to the rank of such member of said fire department at the time of his death." 19-2208(a) also states that this monthly pension "shall not be less than thirty dollars ($30.00)."
Section 19-2208(b) states that "(i)n addition to the above monthly pension [referring to the spouse's $30.00 minimum monthly pension] such Board of Trustees may order and direct the payment of, in the case of volunteer or part-paid firemen, the sum of twenty-five dollars ($25.00) per month for each child under nineteen (19) years of age who has not completed high school. . . ." 19-2208(b) also states:
 The sum total of the pension to be paid the spouse, and/or the qualifying child or children of volunteer or part-paid firemen shall not exceed one-half (1/2) of the salary attached to the rank of said member held at the time of death, as an active member of a volunteer or part-paid fire department, nor shall it be less than thirty dollars ($30.00) per month. (Emphasis added).
The first rule in construing the meaning of a statute is to construe it just as it reads, giving words their ordinary and usually accepted meaning in common usage. Bolden v. Watt,290 Ark. 343, 719 S.W.2d 428 (1986). Legislative intent must be discerned from the language employed if the statute is clear and unambiguous on its face. Mourot v. Ark. Bd. of Dispensing Opticians, 285 Ark. 128, 685 S.W.2d 502 (1985).
Applying these precepts to the provisions of Ark. Stat. Ann. 19-2208(a) and (b), it appears that the benefits payable to the spouse and/or children of a deceased volunteer fireman are effectively limited to the benefits to which the fireman would have been entitled if in fact no salary is attached to the fireman's rank held at the time of death. This result is dictated by the language of 19-2208(b) wherein the benefit payable to the spouse and/or children is limited to one-half (1/2) of the salary attached to the volunteer fireman's rank at the time of death. If there is no such salary, the minimum amount will be $30.00 and the maximum will be determined by the volunteer's benefit at the time of death since this amount must always be paid to the spouse under 19-2208(a). The children will receive the spouse benefit if there is no spouse at the time of death. This conclusion is also indicated by the fact that while the Trustees "may" direct the payment of $25.00 per month for each child, they are apparently not required to do so.
While it is therefore conceivable that benefits to the family will exceed the volunteer employee's benefit if a salary is attached to the volunteer's rank at the time of death, the limiting language of 19-2208(b) will preclude this result if in fact there is no such salary.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.