Mr. Mahlon A. Martin, Director Department of Finance and Administration P.O. Box 3278 Little Rock, AR 72203
Dear Mr. Martin:
This is in response to your request for an opinion regarding Section 4 of Act 741 of 1981, which amended subsection (D) of Section 23 of Act 876 of 1973 (see, A.C.A. 19-4-1610). You have asked, specifically, whether this amendment restricts the correction of administrative errors to a six (6) week period following entitlement to a pay increase. You note that corrections have heretofore been restricted only to the current fiscal year, based upon an Attorney General Opinion issued in 1977 (Op. No. 77-58).
That Opinion addressed the propriety of salary payments following the detection of administrative errors. It was concluded in Opinion Number 77-58 that the retroactive pay prohibition contained in Act 876 of 1973 was intended to prohibit pay increases for pay periods prior to the period in which the employee became entitled to an increase, and that payment back to the date on which the entitlement was established, but not prior to the current fiscal year, would not violate the prohibition.
Section 23(D) of Act 876 of 1973 was amended by Section 4 of 741 of 1981 to add the following language:
 Salary payments made to correct an administrative error within six (6) weeks of the effective date of the error shall not be considered retroactive pay. In no case shall such payments be made for a preceding fiscal year.
While Opinion Number 77-58 presented a reasonable interpretation of the retroactive pay prohibition prior to the 1981 amendment, it appears that the legislature has now limited the time period during which corrective action may be taken without violating the prohibition. It is well-established that legislative intent must be discerned from the language employed if a statute is clear and unambiguous on its face. Mourot v. Arkansas Board of Dispensing Opticians, 285 Ark. 128, 685 S.W.2d 502 (1985). The first rule in construing the meaning of a legislative enactment is to construe it just as it reads, giving words their ordinary and usually accepted meaning in common usage. Bolden v. Watt, 290 Ark. 343,719 S.W.2d 428 (1986).
While one might argue in favor of a distinction between the failure to pay a salary increase and other payment errors for purposes of applying the retroactive pay prohibition, the language of Act 741 of 1981 offers little basis for such a distinction. The clear import of the added language is that payment must be made within six (6) weeks of the effective date of the administrative error in order to avoid conflict with the retroactive pay prohibition. It is my opinion that a court would reject any distinctions in this regard and would conclude that Section 4 of Act 741 of 1981 restricts the correction of administrative errors to a six (6) week period following the effective date of the error involving failure to pay a salary increase.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.