HOT SPRINGS SCHOOL DISTRICT NO. 6, et al
*v.* Earl R. WELLS, Garland County Judge, et al

83-217                                          663 S.W.2d 733

Supreme Court of Arkansas
Opinion delivered February 6, 1984

*Charles R. White,* for appellants.

No response by appellees.

JOHN I. PURTLE, Justice. The trial court dismissed appellants' complaint for a declaratory judgment and writ of mandamus. This action was brought because the appellants did not receive a 10% increase in tax money resulting from the reappraisal mandated by Amendment 59 to the Constitution of Arkansas. The trial court held appellants were not entitled to a 10% increase as a matter of law. The court also held it had no power to authorize or impose additional taxes. On appeal it is argued that the decision of the judge was contrary to the evidence and the law and that the court erred in finding it had no authority to adjust the millage rates. The trial judge was correct.

Appellants are the various school districts in Garland County. Reappraisal and reassessment were mandated by Amendment 59 and the implementing Act 848 of 1981. In December 1981, the assessed valuation after reappraisal was furnished to the school districts. However, it turned out that the certification was erroneous. The error was discovered in March of 1982 when taxes were billed to the property owners. The incorrect figures were about $5,000,000 higher than the correct figures and this resulted in each of the appellant districts receiving less than a 10% increase in collections for the 1981 taxes. The increases ranged from 4.9% to 8.7%. No county official would correct the figures and the present suit resulted.

Acts of the General Assembly of 1981, Act 848, codified at Ark. Stat. Ann. § 84-493 et seq. (Supp. 1983), is the implementing statute for Amendment 59. Act 848 requires the school districts to roll back their millage whenever the reassessment results in an increase of 10% or more in the taxable property in the taxing unit. The crux of the matter is the language in the statute that states that "each taxing unit will receive an amount of tax revenue from each tax source no greater than ten percent (10%) above the revenues received during the previous year . . ." From the unequivocal language of the statute the school districts are entitled to an increase of taxes for calendar year 1981 up to 10%. The taxes based upon the incorrect assessments yielded increased taxes of no more than 10%. There was no guarantee that any district would get exactly 10%. The guarantee was to the

taxpayers that their taxes would not be increased by more than 10%.

This case involves the interpretation of an act of the General Assembly. We do not resort to general rules of construction when the legislative intent clearly appears from the context of the language employed. *McClure* v. *McClure*, 205 Ark. 1032, 172 S.W.2d 243 (1943). Therefore, we conclude that the trial court correctly interpreted the intent of the General Assembly when enacting Act 848.

In view of our holding above we do not reach the argument that the trial court had the authority to order a reassessment of the property whereby each district would receive an increase of 10%.

Affirmed.

HICKMAN and HOLLINGSWORTH, JJ., concur.

DARRELL HICKMAN, Justice, concurring. The majority opinion only addresses one question raised, and it is my judgment we have to address both.

A five million dollar error was made somewhere between the certificate of appraisal and the collection of taxes. Nobody disputes that. As a result, six school districts in Garland County will not receive about $95,000 which they expected to receive and which everyone intended for them to receive. Nobody disputes that. The districts sued all the county officials accountable, asking two things: that the court hold they were guaranteed a ten percent increase in revenues and that it order a mandamus to correct the conceded errors. The trial judge held there was no such guarantee, and, even though mistakes were made, the court had no power to impose additional taxes retroactively or prospectively by ordering corrections. I agree that in this case the judge was correct.

The parties stipulated to most of the facts, which essentially concede someone made the mistake. Marvin Russell, the director of the Assessment Coordination

Division of the Public Service Commission, said he was familiar with the hurried reappraisal in Garland County, occasioned by court order. He couldn't say where the error lay. All 90,000 individual cards on taxable property would have to be checked to be certain. Garland County is the only county that still relies on such a card system. If a reappraisal were ordered, the districts would have to pay 75 or 80 percent of it.

The appellants asked the court to order the local officials to collect more taxes from the taxpayers for 1981, admittedly a retroactive collection, and pass an ordinance to impose more millage to make up for the difference. Since the appellants could not demonstrate the ordinance passed by the quorum court was illegal and the quorum court has the discretion to correct this mistake, the circuit court was right in declining to enter an order of mandamus.

HOLLINGSWORTH, J., joins in this concurrence.