Joe MOUROT, Marlin FREEMAN and Joyce BAILEY
*v.* ARKANSAS BOARD OF DISPENSING OPTICIANS

84-241                                    685 S.W.2d 502

Supreme Court of Arkansas
Opinion delivered March 4, 1985

*Larry D. Vaught,* for appellant.

*Steve Clark,* Att'y Gen., by: *Thomas S. Gay,* Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. The Arkansas Board of Dispensing Opticians was created by Act 589 of 1981 (Ark. Stat. Ann. §§ 72-2102 — 72-2123 [Supp. 1983]). Among the Board's duties are the registration and licensure of dis-

pensing opticians. Applicants for registration or licensure are normally required to successfully complete an examination of their professional skills. However, section nine of the Act (Ark. Stat. Ann. § 72-2109) is a "grandfather clause" which allows the registration or licensure, without examination, of dispensing opticians who meet certain requirements. Under section nine, the requirements for obtaining a certificate of registry are somewhat different from the requirements for obtaining a certificate of licensure.

Appellants applied to the Board for certificates of licensure under section nine. The applications were denied. Appellants appealed to the full Board which, after interviews with appellants, again denied the applications. The Board stated that it was denying the applications because appellants had not "been providing direct retail ophthalmic dispensing services as [their] primary mode of employment or business." Appellants appealed to the circuit court, which affirmed the decision of the Board. This appeal followed.

The Board's decision must be reversed because there is no requirement that an applicant for licensure must have "been providing direct retail ophthalmic dispensing services as his primary mode of employment or business. . ." That language is taken from subsection (a) of section nine, which sets out the requirements to be met by applicants for certificates of registry. It has no application to applicants for certificates of licensure. The requirements for applicants for certificates of licensure are set out in subsection (b) of section nine. An applicant under subsection (b) need only show, in addition to requirements not in dispute here, that he has "been providing ophthalmic dispensing services to the public. . . for a minimum period of five (5) years immediately prior to the effective date of [the] Act." Appellants met their burden of proof when they demonstrated that they have been providing such services for the requisite period of time.

Contrary to the Board's argument, neither this court nor the Board has the authority to add a "full time," "primary mode of employment," or "retail" requirement to subsection (b). When a statute is plain and unambiguous,

we must give it effect as it reads. In such cases, we are primarily concerned with what the document says, not with what its drafters may have intended. *Bishop* v. *Linkway Stores, Inc.,* 280 Ark. 106, 655 S.W.2d 426 (1983); *City of Little Rock* v. *Arkansas Corp. Commission,* 209 Ark. 18, 189 S.W.2d 382 (1945). If the General Assembly did intend to say something different in subsection (b), it has the authority to amend the Act. Unless and until the General Assembly does amend the Act, our duty is to apply it as it reads.

Reversed.