Honorable Bill Clinton Governor of Arkansas State Capitol Little Rock, Arkansas 72201
Dear Governor Clinton:
This is in response to your request for an Attorney General's opinion with respect to the Motion Picture Incentive Act of 1983 (Act 276 of 1983). You have asked, specifically, whether per diem expenditures for food, transportation, laundry and other miscellaneous items are eligible expenditures under the Act. You also note in your letter that the production company has requested that they be permitted to document the expenditures by cancelled checks and signed statements from cast and crew members.
The Act [Ark. Stat. Ann. 84-4801 — 84-4813 (Supp. 1985)] emerged from a desire to attract the film industry to our State through, in part, a 5% tax incentive based upon a company's total expenditures within the State. It sets in motion a procedure involving various reporting requirements that are quite specific in detail. These requirements mandate the necessity of receipts documenting expenditures.
The clarity of the Act on its face makes it unnecessary and inappropriate to resort to extrinsic matter in determining whether expenditures can be documented as suggested by the company in this instance. Under the Act, the tax incentive application is ultimately presented to the Revenue Division which then calculates the expenditures" . . . for which there are documented receipts. . . ." 84-4807. Several other provisions also reflect the necessity of receipts. See 84-4806(c)(2) (3). The Act provides no exceptions to the receipts requirement. Legislative intent is clear on this point. Since all expenditures must be accompanied by receipts, it must be concluded that cancelled checks and signed statements fail to meet the Act's documentation requirements.
The Act is also clear in limiting eligible per diem expenditures to lodging. It is significant to note that the original Act made no reference to per diem expenditures. The Act was amended in 1985 (Act 895 of 1985) to extend eligibility to per diem expenditures for lodging as well as to direct cash payments to Arkansas businesses or citizens hired as cast or crew, so long as the payments do not exceed 40% of the total verifiable expenditures. It appears that these provisions were added as exceptions to the requirement that payments be made from a checking account. See 84-4806(c)(1). It must be assumed that the General Assembly intended to limit eligible per diem expenditures to lodging. Extension of this provision to other expenses could have easily been accomplished. The Act, however, is clear and unambiguous in its limitation. And again, established maxims of statutory construction dictate that legislative intent be discerned from the language employed if the statute is unambiguous on its face. Mourot v. Arkansas Bd. of Dispensing Opticians, 285 Ark. 128, 685 S.W.2d 502 (1985); Hot Springs School Dist. No. 6 v. Wells, 281 Ark. 303, 663 S.W.2d 733 (1984).
It should also be noted, in response to the company's comments involving Section 6D of the Regulations, that Act 1032 of 1987 contains a provision amending the original Act to include pre-production and post-production expenses paid through a financial institution located out of Arkansas. This does not appear to address expenses incurred during production that are paid through an Arkansas financial institution account. These expenses would presumably be included within Section 6A which includes the following as "allowable expenditures":
 Payments for goods or services made to a business located within and operated in Arkansas from a permanent business location in Arkansas, if such goods or services are actually provided by such Arkansas business.
As you recognize, we are constrained to assure compliance with current legislative enactments and administrative regulations on the subject. While the spirit of this Act may extend to the suggested expenditures, the intent of the law as reflected in the language employed belies this fact. It is my opinion, therefore, that the request fails to comply with controlling law.
This opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.