Harry P. Ward, M.D. Chancellor University of Arkansas for Medical Sciences 4301 West Markham — Slot 541 Little Rock, Arkansas 72205
Dear Dr. Ward:
This is in response to your request for an opinion regarding Act 639 of 1987. As noted in your correspondence, Act 639 was preceded by Act 1000 of 1985 which established a Chair on Alcoholism and Drug Abuse. Revenues for funding this Chair are derived from a three percent (3%) tax on liquor sales. You have asked, specifically, whether the funds accumulated from these tax receipts may be deposited in the University of Arkansas for Medical Sciences ("UAMS") Foundation Fund.
Both Act 1000 of 1985 and Act 639 of 1987 state in pertinent part as follows:
 The tax receipts shall be deposited as special revenues into the State Treasury and credited to the University of Arkansas Medical Center Fund to be used exclusively to help defray the cost of a Chair on Alcoholism and Drug Abuse Prevention.
Act 639 is clear in requiring that these funds be credited to the University of Arkansas Medical Center Fund. The existence of such a fund is confirmed by Acts 928 and 703 of 1987. Act 928, which amends Act 808 of 1973 and Act 750 of 1983 to provide for the distribution of general revenues, includes a fund entitled "University of Arkansas Medical Center Fund. Moreover, Act 703 which is the appropriation act for personal services and operating expenses of UAMS for the biennial period ending June 30, 1989, refers in Section 5 to the "University of Arkansas Medical Center Fund." Established rules of statutory construction dictate that legislative intent be discerned from the language employed where the statute is clear and unambiguous on its face. Mourot v. Arkansas Board of Dispensing Opticians, 285 Ark. 128, 685 S.W.2d 502
(1985); Hot Springs School District No. 6 v. Wells, 281 Ark. 303,663 S.W.2d 733 (1984). Applying this precept to the present case, it must be concluded that the General Assembly intended for these tax receipts to be deposited in the fund previously designated as the University of Arkansas Medical Center Fund. The revenues must be deposited into the State Treasury, in accordance with Act 1000 of 1985 and Act 639 of 1987; and we find no reference to the "UAMS Foundation Fund" in either of these two Acts, nor has such a fund been designated by prior legislative enactment.
It is my opinion therefore, that a court would conclude, based upon the clear language of these Acts, that the funds must be placed in the University of Arkansas Medical Center Fund.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.