The Honorable Veo Easley State Representative P. O. Box 308 Sheridan, AR 72150
Dear Representative Easley:
This is in response to your request for an opinion involving Act 95 of 1987. You enclosed a letter dated May 28, 1987 from the South Sheridan Water Association, and you note that they are a non-profit corporation with limited funds. The Associated[ion] is asking, specifically, whether they are subject to the service fees established by Act 95.
A "PUBLIC WATER SYSTEM" is defined under Act 95 as "all sources and surroundings from which water is derived for drinking or domestic purposes by the public, and all structures, conduits and appurtenances in connection therewith by which water for such use is obtained, treated, conditioned, stored and delivered to customers." This definition appears to encompass the South Sheridan Water Association and the Little Creek Water Association. The fact that these associations do not operate at a profit does not appear to be dispositive. Act 95 makes no reference to or exception for non-profit organizations. It must be assumed, therefore, that the General Assembly intended for all public water systems to be subject to the Act.
This follows from the established rule of statutory construction that legislative intent must be discerned from the language employed if the statute is clear and unambiguous on its face. Mourot v. Arkansas Bd. of Dispensing Opticians, 285 Ark. 128,685 S.W.2d 502 (1985).
This opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.