Mr. Carl A. Crow, Jr. Prosecuting Attorney P. O. Box 1620 Hot Springs, Arkansas 71902-1620
Dear Mr. Crow:
This is in response to your request for an opinion regarding the use of electronic voting systems in a special election to be held in Garland County on November 10, 1987. You note in your request that the electors of Garland County voted on November 7, 1972 to place voting machines into use. You have asked, specifically, whether the use of an electronic voting system in the November 10, 1987 special election must be approved by the electors of Garland County or by the Garland County Quorum Court.
The use of electronic voting systems was approved under Act 77 of 1977. Yet the electronic voting systems authorized under that Act could not be used in any county "unless the voters of said county shall have voted, at a General Election, to approve the use of electronic voting systems as authorized in this Act in such county." Section 3(c) of Act 77 of 1977.
Act 77 of 1977 was amended by Act 738 of 1979 to provide, inter alia, for the use of electronic voting systems in a municipality or county "upon the adoption of an ordinance therefore, by the governing body of the municipality or the quorum court of the county." See Sections 1 2 of Act 738 of 1979, codified as Ark. Stat. Ann. 3-1203, 3-1802(c) (Cum. Supp. 1985).
Language appearing in Section 3 of Act 738, codified as Ark. Stat. Ann. 3-1203.1, must, however, also be considered in responding to your request. This provision states as follows:
 In municipalities or counties which have previously acquired voting machines or electronic voting systems, or which have voted to do so before the effective date of this Act, nothing in this Act or present laws shall prohibit the municipalities or counties from using any method of voting authorized by law, singly, or in combination with any other authorized voting method. Provided, in any county or municipality in which the electors have voted for use of voting machines or electronic voting systems, the machines or systems used in such county or municipality shall not be changed unless the electors approve such change at a subsequent election. (Emphasis added.)
It is well established that legislative intent must be discerned from language employed if a statute is unambiguous on its face. Mourot v. Arkansas Board of Dispensing Opticians, 285 Ark. 128,685 S.W.2d 502 (1985); Hot Springs School District No. 6 v. Wells,281 Ark. 303, 663 S.W.2d 733 (1984). Applying this established precept, it must be concluded in this instance that use of an electronic voting system in the November 10, 1987 special election must be approved by the electors of Garland County. While Sections 1 and 2 of Act 738 of 1979 do provide for the use of such a system upon adoption of an ordinance therefore by the Quorum Court, Section 3 is clear in mandating an election before a system approved by the electors may be changed.
It is therefore my opinion that the electors of Garland County must approve the use of an electronic voting system before a change from the previously approved voting machines can be effected.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
 Sincerely, STEVE CLARK Attorney General
SC:ble