The Honorable Joe Kelly Hardin Prosecuting Attorney P. O. Drawer 507 Benton, Arkansas 72015
Dear Mr. Hardin:
This is in response to your request for an opinion regarding Act 580 of 1987. You have asked, specifically, whether a city ordinance enacted under Act 580 would cover county cases, that is, cases in the county division of the municipal court. If not, you have also asked whether a county can enact an ordinance pursuant to Act 580.
It is my opinion that the answer to your first question is yes. The first rule in construing the meaning of a statute is to construe it just as it reads, giving words their ordinary and usually accepted meaning in common usage. Bolden v. Watt,290 Ark. 343, 719 S.W.2d 428 (1986). Legislative intent must be discerned from the language employed if a statute is clear and unambiguous on its face. Mourot v. Ark. Bd. of Dispensing Opticians, 285 Ark. 128, 685 S.W.2d 502 (1985).
Ark. Stat. Ann. 22-706.4 (Supp. 1985), as amended by Act 580, authorizes the collection of five dollars ($5.00) "from each defendant upon each plea of guilty, nolo contendere, forfeiture of bond, or determination of guilt for misdemeanors or traffic violations in any municipal, police or city court. . . ." (Emphasis added.) The separation of the municipal court into two divisions would not appear to affect the status of defendants in each division as defendants in a "municipal court" for purposes of 22-706.4. To the extent the court retains its status as a municipal court, it may be concluded that the language of 22-796.4 will apply to each defendant in the court, regardless of the division involved.
Your second question is rendered moot by this response.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.