The Honorable Jim Stallcup Prosecuting Attorney 225 West Elm Walnut Ridge, AR 72476
Dear Mr. Stallcup:
This is in response to Deputy Prosecuting Attorney Stewart K. Lambert's request for an opinion regarding Act 515 of 1985, which is codified at Arkansas Code of 1987 Annotated 5-73-127. Mr. Lambert has asked, specifically, whether this Act covers Cherokee Village, Arkansas. He notes in his request that Cherokee Village is a duly organized suburban improvement district with platted subdivisions, and that it is not an incorporated town or city.
A.C.A. 5-73-127(a)(10) may be determinative for purposes of this inquiry. This section states:
 (a) It is unlawful to discharge a center-fire weapon, other than a shotgun, in the following areas:
(10) Platted subdivisions located in unincorporated areas.
It appears that Cherokee Village falls within the language of this provision. It is well-established that legislative intent must be discerned from the language employed if a statute is clear and unambiguous on its face. Mourot v. Arkansas Board of Dispensing Opticians, 285 Ark. 128, 685 S.W.2d 502 (1985); Hot Springs School District No. 6 v. Wells, 281 Ark. 303, 663 S.W.2d 733 (1984). Subparagraph (10) is clear and unambiguous in extending the provisions of the Act to "platted subdivisions" in "unincorporated areas."
While one might contend that the Act's specific inclusion of other areas forming improvement districts necessarily excludes Cherokee Village, it is my opinion that the language of subparagraph (10) will be controlling. The first rule in determining the meaning of a statute is to construe it just as it reads, giving words their ordinary and usually accepted meaning in common usage. Bolden v. Watt, 290 Ark. 343, 719 S.W.2d 428 (1986). The clarity of this provision on its face dispels with the necessity, or appropriateness, of resorting to extrinsic matter in determining whether the Act covers Cherokee Village.
It is therefore my opinion that the answer to this question is yes.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.