The Honorable Luther B. Hardin State Senator 2505 West Second Court Russellville, AR 72801
Dear Senator Hardin:
This is in response to your request for an opinion regarding Section 2 of Act 687 of 1987, which is codified at Arkansas Code of 1987 Annotated 6-17-203 (Supp. 1987). The question posed is whether the language of this section of the Act represents an attempt on the part of the legislature to provide a balance of membership on the personnel policies committee.
A.C.A. 6-17-203 states as follows under subsection (a):
 Each school district shall have a committee on personnel policies which shall consist of no fewer than five (5) classroom teachers, and no more than three (3) administrators.
The first rule in construing the meaning of a legislative enactment is to construe it just as it reads, giving words their ordinary and usually accepted meaning in common usage. Bolden v. Watt, 290 Ark. 343, 719 S.W.2d 428 (1986). It is also well-established that legislative intent must be discerned from the language employed if the act is clear and unambiguous on its face. Mourot v. Ark. Bd. of Dispensing Opticians, 285 Ark. 128,685 S.W.2d 502 (1985); Hot Springs School Dist. No. 6 v. Wells,281 Ark. 303, 663 S.W.2d 733 (1984).
While I am not certain what is meant by the question of whether a balance on the committee is intended, it seems clear that the legislature could have specified numbers that it believed reflected a "balance." It appears, instead, that the number of classroom teacher members has not been limited to five (5), but rather a minimum number has been mandated. It may therefore be successfully contended, based upon this language, that no balance is intended.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
STEVE CLARK Attorney General
SC/ble