The Honorable Pat Flanagin State Representative 836 Calvert Road Forrest City, AR 72335
Dear Mr. Flanagin:
This is in response to your opinion request wherein you asked that this office review Act 894 of 1987 and clarify when a civil penalty may be imposed against a long term care facility for a classified violation under Ark. Code Ann. 20-10-204 (1987) et seq. Your request recognizes that no sanction may be imposed upon discovery of a violation. Instead, an opportunity to correct the violation is a condition precedent to the imposition of any sanction. In view of this, your inquiry addresses whether, in order to justify the imposition of a penalty after the period for correction, the continuation of the condition giving rise to the initial incident is sufficient or if reoccurrence of the incident itself is required.
The answer to your question depends upon the nature and characterization of the violation. If the violation results from a condition, failure to correct that condition within twenty (20) days is sufficient to permit the Office of Long Term Care to notify the facility of an intent to sanction. If the violation results from an occurrence, the occurrence must be repeated within six months before action may be taken.
An example of this distinction would be a resident that is scalded to death in a whirlpool bath. If a defective valve created the excessive water temperature, the death resulted from a condition. If, however, the attendant operated the bath incorrectly with the same consequence, the death is categorized as an occurrence.
Pertinent to your inquiry are Ark. Code Ann. 20-10-204(a) and (c)(1) (2) which provide in pertinent part as follows:
 (a) If upon inspection or during an investigation, a deficiency or violation as prescribed by regulation of the Office of Long Term Care is discovered, the Office of Long Term Care shall prepare a written notice of the violation to the facility by certified mail and specifically describe the violation and the proposed penalty for failure to correct. (Emphasis supplied)
 (c)(1) The long-term care facility shall be given twenty (20) days after receipt of the written notification to correct the deficiency or to give written good faith plans for the correction by the facility to the Office of Long Term Care.
 (2) After the period for correction, if the Director of the Office of Long Term Care determines that the long term care facility has failed to correct a particular classified violation as set forth in the regulations, for the first violation only, he shall forward a second notice to the facility informing them of his intent to assess a civil money penalty against the long term care facility for failure to correct and the amount of the assessment and all information pertaining to the violation. The second notice shall inform the facility of the right to a hearing as provided by statute and include a copy of the rules of procedure. (Emphasis supplied)
It is clear from these statutory provisions that the Office of Long Term Care must provide for a period of correction prior to imposing a civil money penalty against a long term care facility.
Also pertinent to your inquiry are Ark. Code Ann. 20-10-205(a)(1) and (2) which provide for the classification of violations as follows:
 (1) Class A violations create a condition or occurrence relating to the operation and maintenance of a long term care facility resulting in a death or serious physical harm to a resident or creating a substantial probability that death or serious physical harm to a resident will result therefrom; (Emphasis supplied)
 (2) Class B violations create a condition or occurrence relating to the operation and maintenance of a long term care facility which directly threatens the health, safety, or welfare of a resident. No civil penalty may be assessed for a Class B violation unless the same violation was found to exist in the long term care facility on at least one (10 occasion during the previous six-month period and a notice of violation was furnished to the long term care facility as provided in 20-10-204. (Emphasis supplied)
Established rules of statutory construction dictate that legislative intent must be discerned from the language employed if a statute is clear and unambiguous on its fact. Mourot v. Ark. Bd. of Dispensing Opticians, 285 Ark. 128, 685 S.W.2d 502 (1985); Hot Springs School Dist. No. 6 v. Wells, 281 Ark. 303, 663 S.W.2d 733
(1984). The first rule in construing the meaning of a statute is to construe it just as it reads, giving words their ordinary and usually accepted meaning in common usage. Bolden v. Watt,290 Ark. 343, 719 S.W.2d 428 (1986).
Dispositive of your inquiry are the references to "condition or occurrence" and "failure to correct" contained in the above statutory provisions. This language clearly vests authority in the Office of Long Term Care to impose sanctions against a long term care facility either for the continuation of a condition which gave rise to a violation or the reoccurrence of the incident constituting a violation.
The foregoing opinion, which I hereby approve, was prepared by First Assistant Attorney General C. Randy McNair.