Mr. Walt Patterson, Director Department of Human Services P.O. Box 1437 Little Rock, AR 72203-1437
Dear Mr. Patterson:
This is in response to your request for an opinion regarding the Arkansas Kidney Disease Commission ("Commission"). You have asked, specifically, whether state-appropriated Commission funds may be used to pay for kidney patients' supplemental medical insurance premiums.
It must be concluded, based upon the language of pertinent legislation, that the Commission may not use state-appropriated funds for this purpose. This opinion is based upon an interpretation of the legislation in question since there are no judicial decisions or other legislative enactments offering guidance in this area.
Act 450 of 1971, which is codified at Arkansas Code of 1987 Annotated 20-15-601 et seq., states that the powers, functions and duties of the Commission include the establishment of a program to assist persons suffering from acute or chronic renal failure in obtaining care and treatment requiring dialysis. A.C.A.20-15-603(1). This authority includes the power and duty to:
 . . . establish criteria and standards for evaluating the financial ability of persons suffering from chronic renal disease to pay for their own care, including the availability of third-party insurance coverage, for the purpose of establishing standards for eligibility for financial assistance in defraying the cost of the care and treatment from funds appropriated to the commission for renal disease treatment purposes.
A.C.A. 20-15-603(5).
It may initially be contended that a program to "assist persons . . . in obtaining care and treatment" could, reasonably, include assistance in obtaining medical insurance. The "cost of the care and treatment" would, following that approach, include insurance costs.
The language of the appropriation act offers little guidance in this regard wherein funds are appropriated for the Rehabilitation Services Fund Account for, inter alia, "Care and Treatment." See Act 1050 of 1987, Section 4, Item No. (05). However, the language of A.C.A. 20-15-605 must also be considered. This provision states in pertinent part as follows under subsection (a):
 The deputy director of the appropriate division as determined by the Director of the Department of Human Services shall be the disbursing officer of funds appropriated by the General Assembly and of other funds made available to the commission for such purposes. These funds are to provide monetary assistance to defray the cost incurred by patients suffering from acute or chronic renal disease who are unable to meet the total cost of their care or treatment from their own resources or from third-party resources. (Emphasis added.)
It is apparent from a reading of 20-15-605(a) that the cost of patients' care or treatment is distinguished from any expense incurred in connection with third-party resources. Funds are to be used to assist in defraying the cost incurred by those ". . . who are unable to meet the total cost of their care or treatment from their own resources or from third-party resources." The legislation does not appear to include medical insurance within the envisioned "cost incurred," since the assumption under A.C.A.20-15-605(a) is that the patient does not have assistance from "third-party resources." Thus, the phrase "cost of the care or treatment" under 20-15-603(5) cannot reasonably be construed as including medical insurance costs.
The first rule in determining the meaning of a legislative enactment is to construe it just as it reads, giving words their ordinary and usually accepted meaning in common usage. Bolden v. Watt, 290 Ark. 343, 719 S.W.2d 428 (1986). Legislative intent must be discerned from the language employed if a statute is clear on its face. Hot Springs School Dist. No. 6 v. Wells, 281 Ark. 303,663 S.W.2d 773 (1984). These precepts compel the conclusion in this instance that no provision has been made under Act 450 of 1971 for use of Commission funds in providing supplemental medical insurance for renal disease patients.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.