A.L. Lockhart, Director, Arkansas Department of Correction P.O. Box 8707 Pine Bluff, AR 71611
Dear Mr. Lockhart:
This is in response to your request for an opinion concerning the interpretation of Arkansas Code Annotated 16-93-609. Specifically, you have asked whether an individual incarcerated for first degree murder, rape, or aggravated robbery who later receives another sentence for first degree murder, rape, or aggravated robbery for behavior occurring before the first conviction or guilty plea, is ineligible for parole by virtue of Ark. Code Anno. 16-93-609 because the new sentence does not constitute "another prison term". You have also asked about the application of the statute to an individual who is sentenced for first degree murder, rape, and aggravated robbery all on the same date.
Arkansas Code Annotated 16-93-609 provides:
Any person who commits first-degree murder, rape, or aggravated robbery subsequent to March 24, 1983, and who has previously pled guilty or nolo contendere or been found guilty of first-degree murder, rape, or aggravated robbery, shall not be eligible for release on parole by the State Board of Pardons and Paroles.
It is helpful to read the statute in a chronological fashion in order to determine the sequence of events necessary to trigger its applicability. Firstly, the individual must have pled guilty, nolo contendere, or have been found guilty of one of the enumerated crimes. Secondly, the individual must thereafter commit one of the crimes again. According to the plain wording of the statute, the second crime, the actual act of killing, rape, or robbery, must occur after the first conviction before the individual is ineligible for parole. The statute does not provide for parole ineligibility unless this sequence of events is evident. While it appears that there is no Arkansas case interpreting this statute, it must be noted that legislative intent will be discerned from the language employed if a statute is clear and unambiguous on its face. Mourot v. Ark. Bd. of Dispensing Opticians, 285 Ark. 128,685 S.W.2d 502 (1985).
If, as in the fact situation you have presented, both crimes were committed prior to any incarceration, and yet one leads to a conviction and sentencing after the first, the statute is inapplicable and that individual may be eligible for parole.
You have expressed concern about the statute's applicability because the second conviction would not "constitute another prison term". I assume that by this you are referring to Ark. Code Ann.5-4-403 which provides for concurrent sentences in some situations unless otherwise provided by the judge. This provision is irrelevant to the interpretation of Ark. Code Ann. 16-93-609. Section 16-93-609 does not involve any aspect of sentencing, and as such does not require the implementation of a separate prison term to render it applicable.
Finally, you have asked about the statute's applicability where an individual is sentenced to first-degree murder, rape, and aggravated robbery all on the same date. An individual in this situation is not denied access to parole under 16-93-609. As stated previously, in order for the statute to apply, the second criminal act must occur after the first conviction or taking of the plea.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General, Elana T. Cunningham.