Mr. Bill J. Ford Bank Commissioner State Bank Department Tower Building — Suite 500 323 Center Street Little Rock, Arkansas 72201-2613
Dear Mr. Ford:
This is in response to your request for an opinion on several questions involving Act 513 of 1987 which permits state-chartered banks organized under Act 113 of 1913 to create and accept deposits in Deferred Income Investment Accounts. Your specific questions are restated as follows:
 (1) May the State Banking Board, through regulation, permit the offering of Deferred Income Investment Accounts by way of a "Bankers Bank" organized by a group of Banks pursuant to A.C.A. 23-32-309?
 (2) May the State Banking Board, through regulation, permit the creation of bank subsidiaries or other separate companies for the purpose of offering Deferred Income Investment Accounts?
Act 513 of 1987, which is codified at Arkansas Code of 1987 Annotated 23-32-1015 (Supp. 1987), prescribes the manner and method by which deferred income investment accounts may be offered by banks. Section 23-32-1015 states in pertinent part as follows:
 (a) On behalf of depositors, banks may create and open deferred income investment accounts of the following types. . . .
* * *
 (f) The term "bank" shall be construed to by any institution or entity organized under Act 113 of 1913. (Emphasis added).
It is well-established that legislative intent must be discerned from the language employed if a statute is clear and unambiguous on its fact. Mourot v. Ark. Bd. of Dispensing Opticians, 285 Ark. 128,685 S.W.2d 502 (1985); Hot Springs School Dist. No. 6 v. Wells, 281 Ark. 303, 663 S.W.2d 733 (1984). This precept compels the conclusion, in response to your first question, that the State Banking Board would exceed the scope of its authority in promulgating regulations permitting the use of "Banker's Banks" to offer deferred income investment accounts under A.C.A. 23-32-1015. This Code provision authorized the creation of such accounts by "banks". And the term "bank" is specifically designated as "any institution or entity organized under Act No. 113 of 1913." See A.C.A. 23-32-1015(a) and (f), supra. Authority for the creation of "banker's banks" is found under Section 6 of Act 128 of 1983 (A.C.A. 23-32-309). It is thus clear that banker's banks are not encompassed within A.C.A. 23-32-1015(f), and that the term "bank" as it appears in 23-32-1015 cannot by construed to include those institutions.
Your second questions involves the creation of subsidiaries or other companies for the purpose of offering the deferred income investment accounts authorized under Act 513. As noted in response to your first question, the authority to create and offer deferred accounts under Act 513 extends to "banks". [A.C.A. 23-32-1015(a)]. And the term "bank" encompasses institutions or entities "organized under Act No. 113 of 1913." A.C.A. 23-32-1015(f). It must therefore be determined whether the term "bank" can reasonably be construed to include subsidiaries of banks or other companies created for the purpose of offering the deferred accounts.
Pertinent to this inquiry is A.C.A. 23-32-701, which is the codification of Section 20 of Act 113 of 1913. Section 23-32-701 states in relevant part as follows under subparagraph (b)(10):
 (b) Any bank organized under the laws of this state shall also be permitted to exercise the following powers:
* * *
 (10)(A) With the prior approval of the commissioner, and subject to such conditions as may be prescribed by him, a bank may engage in any activities which are a part of the business of banking or incidental thereto by means of an operating subsidiary.
It must be initially noted in this regard that we find no authority under Act 513 for the creation and opening of deferred income investment accounts by separate unrelated companies. Act 513 only applies to banks, meaning those institutions or entities organized under Act 113 of 1913. With respect to bank subsidiaries, regulations authorizing the creation of such subsidiaries would withstand attack only if it can be concluded that the subsidiaries were properly organized under the 1913 Act to pursue "activities which are a part of the business of banking or incidental thereto." See A.C.A. 23-32-701(b)(10)(A). We cannot conclusively state that the legislature, in its reference in Act 513 of 1987 to entities organized under the 1913 Act, intended to include operating subsidiaries formed specifically for the purpose of offering deferred annuities. It would appear that this is more in the nature of insurance company activity and not incidental to the business of banking. We must therefore advise against the promulgation of such regulations, in the absence of clearer guidance from the legislature on this issue.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Steve Clark Attorney General