The Honorable George L. Harris Executive Director Workers' Compensation Commission Justice Building Little Rock, Arkansas 72201
Dear Mr. Harris:
This is in response to your request for an opinion regarding A.C.A. 11-9-501(b)(2) and (d). You have asked, specifically, whether the Workers' Compensation Commission ("Commission") has the authority to round to the nearest dollar the weekly benefit maximum rates prescribed under the foregoing provisions.
It is my opinion that the Commission does not have this authority. It is well-established that legislative intent must be discerned from the language employed if a statute is clear and unambiguous on its face. Mourot v. Ark. Bd. of Dispensing Opticians, 285 Ark. 128,685 S.W.2d 502 (1985); Hot Springs School Dist. No. 6 v. Wells, 281 Ark. 303, 663 S.W.2d 733 (1984). The first rule in determining the meaning of a statute is to construe it just as it reads, giving words their ordinary and usually accepted meaning in common usage. Bolden v. Watt, 290 Ark. 343, 719 S.W.2d 428 (1986).
The Code provisions in question state as follows:
 For disability or death due to an injury occurring on and after January 1, 1989, through December 31, 1989, the maximum weekly benefits payable shall be sixty-six and two-thirds percent (66-2/3%) of the state average weekly wage.
A.C.A. 11-9-501(b)(2).
Compensation payable to an injured employee for permanent partial disability, including scheduled permanent injuries (the permanent partial disability rate), which results from an injury occurring on or after July 1, 1986, shall not exceed sixty-six and two-thirds percent (66-2/3%) of the employee's average weekly wage, with a twenty dollar ($20.00) per week minimum, subject to a maximum of one hundred fifty-four dollars ($154). However, if the employee's total disability rate for the injury would be two hundred five dollars and thirty-five cents ($205.35) per week or greater, then the maximum permanent partial disability rate shall be seventy-five percent (75%) of the employee's total disability rate.
A.C.A. 11-9-501(d)
It must be concluded that the foregoing language does not reasonably admit of a construction that would support rounding the resultant figures to the nearest whole dollar. Further legislative action is, in my opinion, necessary to achieve this result.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.