The Honorable Lonnie P. Clark State Representative P.O. Box 307 Berryville, AR 72616
Dear Representative Clark:
This is in response to your request for an opinion regarding the payment of ad valorem taxes in installments, pursuant to A.C.A.26-35-501. Your question, paraphrased, is whether a tax collector acts properly in assessing a ten percent (10%) penalty when persons who opt to pay in installments fail to meet the prescribed deadlines.
It is my opinion that a 10% penalty is properly assessed in this situation. Section 26-35-501 is the codification of the most recent amendment of the law pertaining to the installment payment option. (Act 1050 of 1079). The 1979 act, as codified at26-35-501, states as follows:
 (a)(1) All ad valorem taxes levied on real and personal property by the several county courts of the state when assembled for the purpose of levying taxes, except taxes on the property of utilities and carriers and all ad valorem taxes on real property held in escrow, shall be due and payable on and from the third Monday in February to and including October 10 in the year succeeding the year in which the levy is made.
 (2)(A) Every taxpayer other than a utility or carrier shall have the option to pay the taxes on real property of the taxpayer in installments as follows:
 (i) The first installment of one-fourth (1/4) of the amount of the taxes shall be due and payable on and from the third Monday in February to and including the third Monday in April;
 (ii) The second installment of one-fourth (1/4) shall be due and payable on and from the third Monday in April to and including the third Monday in July; and
 (iii) The third installment of one-half (1/2) shall be due and payable on and from the third Monday in July to and including October 10.
 (B) A taxpayer who does not submit installment payments in compliance with this schedule shall be deemed to have waived the option to pay in installments.
 (b) All ad valorem taxes levied on the real and personal property of utilities and carriers shall be due and payable as follows:
 (1) One-fourth (1/4) shall be due and payable on and from the third Monday in February to and including the third Monday in April;
 (2) One-fourth (1/4) due and payable on and from the third Monday in April to and including the second Monday in June; and
 (3) One-half (1/2) shall be due and payable on and from the third Monday in April to and including October 10 in the year succeeding the year in which the levy is made.
 (c) It shall be the duty of the collectors of the respective counties to assess a penalty of ten percent (10%) against all unpaid tax balances remaining after the prescribed dates.
However, if the last day for the payment of taxes on any installment is a Saturday or Sunday, the taxes shall become due and payable without penalty the following Monday.
It is well-established that legislative intent must be discerned from the language employed if a statute is clear and unambiguous on its face. Mourot v. Ark. Bd. of Dispensing Opticians, 285 Ark. 128,685 S.W.2d 502 (1985); Hot Springs School Dist. No. 6 v. Wells, 281 Ark. 303, 663 S.W.2d 733 (1984). Subsection (c) of26-35-501 states that a 10% penalty must be assessed where tax balances remain "after the prescribed dates." This language follows the specified optional installment schedules, and may reasonably be read as including those deadlines in the reference to "prescribed dates." This conclusion is reinforced by the second sentence of subsection (c) wherein provision is made for the inapplicability of the 10% penalty if an installment is due on a Saturday or Sunday. In that instance, the payment is due the following Monday. This offers a clear expression of legislative intent with respect to the general applicability of the penalty when payments are made in installments.
To the extent an ambiguity does exist, a review of the legislative history of this act offers further guidance. The legislature amended the law in 1977 (Acts 1977, Ex. Sess. No. 20) to clearly state that ". . . no taxpayer, regardless of choice of installment or single payment method, shall be assessed a ten percent (10%) delinquency penalty on any unpaid real or personal property tax balance except those balances remaining after the tenth day of October in the year in which said tax is due and payable." Act 1977 (Ex. Sess.), No. 20 2. The 1979 amendment (Acts 1979, No. 1050) reveals a marked departure from the 1977 act wherein it is stated that the penalty shall be assessed ". . . against all unpaid tax balances remaining after the above prescribed dates." A.C.A.26-35-501(c). And as previously noted, this language is followed by the referenced to installments being due on Monday "without penalty." Nor has the legislature, significantly, repeated its intent that the penalty only attach to balances remaining after October 10th.
It is therefore my opinion that a penalty is properly assessed against persons who, having elected the installment option, fail to pay on the installment date.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.