Dr. Ruth S. Steele Director, General Education Division Arkansas Department of Education 4 State Capitol Mall Little Rock, AR 72201-1071
Dear Dr. Steele:
This is in response to your request for an opinion regarding repayments by school districts of certain overpayments, in accordance with Act 203 of 1987 (codified as A.C.A. 6-20-310 (Supp. 1987)). You have asked the following specific question in this regard:
 Should the repayment calculation be based upon the total amount of increase in 1988-89 MFPA over 1987-88 MFPA, or the amount of increase in 1988-89 MFPA over 1987-88 MFPA exclusive of that amount of the increase that was caused by increases in 1988-89 enrollment over 1987-88 enrollment?
It is my opinion that the repayment calculation should be based upon the total amount of increase in 1988-89 Minimum Foundation Program Aid (MFPA), rather than the increase exclusive of the amount attributable to increased enrollment.
Arkansas Code Annotated 6-20-310(a) mandates an adjustment in aid allocation following a determination that a district's actual real property assessment varies from the projected amount used in establishing the aid for that district. The pertinent language pertaining to the repayment methodology is found in subsection (b)(3) of 6-20-310, which states as follows:
 (b) The Department of Education shall make adjustments to the five percent (5%) level in the following manner:
. . . .
 (3) In instances where school districts have been overpaid in 1983-84, 1984-85, or 1985-86, based on actual real property assessments as determined by reappraisal, repayments shall be made beginning in 1988-89 as follows:
 (A) The annual Minimum Foundation Program Aid allocation to the respective school districts shall be reduced by an amount not to exceed one-half (1/2) of the increase in Minimum Foundation Program Aid over the previous year;
 (B) The reduction in Minimum Foundation Program Aid shall not be greater in any one (1) year than one-fifth (1/5) of the amount of the overpayment to the respective school districts; and
 (C) The Department of Education shall keep such records as are necessary to determine when the repayments are completed.
It is well established that legislative intent must be discerned from the language employed if a statute is clear on its face. Mourot v. Ark. Bd. of Dispensing Opticians, 285 Ark. 128,685 S.W.2d 502 (1985); Hot Springs School Dist. No. 6 v. Wells,281 Ark. 303, 663 S.W.2d 733 (1984). The first rule in determining the meaning of a statute is to construe it just as it reads, giving words their ordinary and usually accepted meaning in common usage. Bolden v. Watt, 290 Ark. 343, 719 S.W.2d 428 (1986).
These percents compel the conclusion in this instance that the repayment calculation must be based upon the total amount of increase in MFPA. Subsection (b)(3)(A) states that the aid allocation is adjusted based upon a reduction ". . . not to exceed one-half (1/2) of the increase in (MFPA) over the previous year." This language offers no basis for factoring out any portion of the increase that was caused by changes in student enrollment.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.