The Honorable Luther "Lu" Hardin State Senator 2505 West Second Court Russellville, AR 72801
Dear Senator Hardin:
This is in response to your request for an opinion regarding the responsibilities of the Tri County Regional Water Distribution District ("District") under Arkansas Code of 1987 Annotated19-9-601, et seq. You have asked the following specific question in this regard:
Is Tri County required to follow the requirements under Arkansas Statute Section 19-9-601 and in particular Section 19-9-606, when Tri County is not issuing bonds, but is only receiving the proceeds of bonds issued by another State agency?
It is my understanding from correspondence attached to your request that funding for a public water supply to be constructed by the District will consist of grants and loans from the Arkansas Soil and Water Commission. The funds were apparently generated from a Soil and Water Commission general bond issue in 1987.
It is my opinion that A.C.A. 19-9-606 does not apply under this set of facts. Section 19-9-606 is part of the Revenue Bond Act of 1987 which was passed subsequent to the adoption of Amendment 65
to the Constitution of Arkansas authorizing the issuance of revenue bonds by governmental units for the purpose of financing, inter alia, capital improvements of a public nature. This section of the 1987 Act states:
 Whenever a governmental unit shall determine the need to issue revenue bonds for capital improvements of a public nature or industrial enterprise, the governing body shall authorize the issuance of those bonds by proclamation, order, ordinance, or, in the case of regional water distribution districts, resolution clearly stating the purpose or purposes for which the bonds are to be issued and the principal amount of bonds applicable to each purpose. Only upon the proclamation, order, ordinance, or resolution of the governing body shall the governmental unit be authorized to issue such bonds.
It is well established that legislative intent must be discerned from the language employed if a statute is clear and unambiguous on its face. Mourot v. Ark. Bd. of Dispensing Opticians, 285 Ark. 128,685 S.W.2d 502 (1985); Hot Springs School Dist. No. 6 v. Wells, 281 Ark. 303, 663 S.W.2d 733 (1984). The first rule in determining the meaning of a statute is to construe it just as it reads, giving words their ordinary and usually accepted meaning in common usage. Bolden v. Watt, 290 Ark. 343, 719 S.W.2d 428 (1986).
These precepts compel the conclusion in this instance that the District is not required to follow A.C.A. 19-9-606, so long as it is not issuing revenue bonds for the capital improvement(s). This follows from the clear language of the Act.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.