The Honorable Dr. William H. Townsend State Representative 1304 Wright Avenue Little Rock, AR 72206
Dear Representative Townsend:
This is in response to your request for an opinion regarding Act 907 of 1989, which is codified as A.C.A. 14-61-101, et seq. (Supp. 1989). You have enclosed a memorandum from the Little Rock City Attorney which addresses several questions concerning Act 907. You have then posed the following questions in connection with that memorandum:
 1. Do you agree that the issue of the Mayoral veto must appear on the ballot?
 2. Second, the City Attorney's memorandum makes an ambiguous reference to the petitions which must be circulated to set in motion a referendum under Act 907. Assuming the issues to be voted on are (1) direct election of the Mayor, (2) district election of the other six City Directors, and (3) compensation for the Mayor and City Directors, may ALL THREE of these issues appear on a single initiative petition?
It is my understanding, with respect to your first question, that the Little Rock City Attorney's conclusion in this regard was in reference to a ballot for the option of electing all directors from wards, and electing the mayor at-large. I agree that the issue of the mayoral veto must appear on this ballot, in accordance with A.C.A. 14-61-115(c)(3)(B) (Supp. 1989) which states:
 If and only if a city affected by this chapter votes on an option under this subsection, then the following question shall also appear on the ballot:
 FOR giving the mayor a veto power but no vote unless there is a tie . . . . . . .
 AGAINST giving the mayor a veto power but no vote unless there is a tie . . . . . . .
The clear language of the statute mandating inclusion of this issue on the ballot will, in my opinion, be controlling. See generally Mourot v. Ark. Bd. of Dispensing Opticians, 285 Ark. 128,685 S.W.2d 502 (1985) (legislative intent must be discerned from the language employed if a statute is clear and unambiguous on its face.)
Your second question pertains to page 4 of the City Attorney's memorandum wherein it references "the petitions with this ADDITIONAL issue. . . ." (Emphasis original.) The conclusion is that the petitions (more than one petition will, obviously, be circulated) "should note that the undersigned are asking for a special election for purposes of adopting a different option of choosing directors, to provide for six directors to be elected from wards and a directly elected Mayor, to determine whether the Mayor should have the veto power, and to provide for the compensation of members of the Board of Directors."
The conclusion that these issues may appear on a single petition is, in my opinion, reasonable. The "additional issue" referenced in the memorandum is that involving the compensation of directors. (See p. 3 of the City Attorney's Memorandum.) It must be noted in this regard that specific provision is made in Act 907 of 1989 for the voters' authorization of compensation for the directors and the mayor, "at a special or general election." Acts 1989, No. 907, 8; A.C.A. 14-61-110 (Supp. 1989). A special election on an option under Act 907 for selecting directors could, reasonably, include this issue. And the reference in Act 907, supra, to the compensation of directors supports the proposition that this issue may be included on the petition for the special election, particularly in light of the liberal construction afforded the act. See A.C.A. 14-61-103 (Supp. 1989).[1] As noted in the City Attorney's memorandum, however, the issue of compensation of directors (and of the mayor) should be presented to the voters as a separate question.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] Section 14-61-103 states in pertinent part: "This chapter shall be liberally construed to provide affected cities with the maximum amount of freedom to structure their own municipal government within the basic constraints of the management form of government."