The Honorable Albert "Tom" Collier State Representative 2713 Ivy Drive Newport, AR 72112
Dear Representative Collier:
This is in response to your request for an opinion concerning the issuance of restricted operator permits to first-time DWI offenders pursuant to A.C.A. § 5-65-104. I have paraphrased your question as follows:
 May a restricted operator permit be issued to a first-time DWI offender for the purpose of attending job-related educational classes?
It appears from your correspondence that this question is asked with reference to vocational-technical school courses or other occupationally oriented classes, that is, an educational experience that would assist or enable one to obtain employment. It is my opinion that in this context, the answer to your question is "no."[1]
Arkansas Code Annotated § 5-65-104(b)(1) (Cum. Supp. 1991) states:
 Any person who is found guilty or enters a plea of guilty to a first offense under this act may petition the Office of Driver Services that he or she be issued a restricted operator permit for employment-related purposes or to attend a state-required alcohol treatment or education program.
The section thus permits restricted operator permits to be issued for one of two purposes, i.e., for employment-related purposes, and for attendance at a state-required alcohol treatment or education program. The issue is thus whether attendance at job-related educational classes is within one of the two statutorily permitted purposes for which a restricted permit may be issued.
Established rules of statutory construction dictate that legislative intent must be discerned from the language employed if a statute is clear and unambiguous on its face. Mourot v.Ark. Bd. of Dispensing Opticians, 285 Ark. 128, 685 S.W.2d 502
(1985); Hot Springs School Dist. No. 6 v. Wells, 281 Ark. 303,663 S.W.2d 733 (1984). In determining legislative intent, each section is read in light of every other section, and the object and purposes of the statute are to be considered as well. Chismv. Phelps, 228 Ark. 936, 311 S.W.2d 297 (1958).
Reading the statute as a whole, then, I am of the opinion that attendance at job-related educational classes would not fall within either of the two permitted purposes for which a restricted operator permit may be issued.
Clearly, job-related educational classes are not "state-required alcohol treatment or education programs" under the latter part of subsection (b)(1). In my opinion, neither would such classes be considered "for employment-related purposes" under the section. Support for this conclusion is evidenced by the language employed in subsection (b)(6) of the statute, pertaining to the required hearings for permit requests, which states:
 If at such hearing it is determined that the offender has no reasonable alternative mode of transportation to and from his or her place of employment, or to a state-required alcohol treatment or education program, or that driving of a motor vehicle is an essential part of the offender's work . . . the restricted permit may be issued. [Emphasis added.]
This language reflects legislative intent that the statute be narrowly construed such that eligibility under this section includes the prerequisite that an applicant be currently employed.
The determination as to eligibility for a restricted operator permit would, of course, be made by a hearing officer of the Office of Driver Services pursuant to A.C.A. § 5-65-104(b)(6) (Cum. Supp. 1991). While we could not presume to anticipate their decision on the matter should it come before them, it is my opinion that, upon considering the legislative intent behind the act, the Office of Driver Services might reasonably construe the section to disallow the issuance of a restricted operator permit for other than the reasons outlined in subsection (b)(6).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] An argument could perhaps be made that issuance of a permit in order to attend classes that are a required part of one's employment would be proper.