Colonel T.L. Goodwin Director, Arkansas State Police P.O. Box 5901 Little Rock, AR 72215
Dear Colonel Goodwin:
This is in response to your request for an opinion regarding the seeking of elected office by civilian employees of the state police department. I have paraphrased your questions as follows:
 1. Is there a distinction in A.C.A. § 12-8-104(g) between the terms `member' and `employee'?
 2. Does A.C.A. § 12-8-205 prohibit both civilian employees and commissioned officers from seeking public office?
 3. Could a civilian radio operator seek the office of justice of the peace without violating any prohibitions in state law?
It is my opinion that the answer to your first question is "yes." The terms "member" and "employee," as used in § 12-8-104(g), are distinguishable.
Arkansas Code Annotated § 12-8-104(g) (Cum. Supp. 1991) states that "[t]he director shall have supervision and control for the purpose of discipline and proper management of all the members and employees of the Department of Arkansas State Police." Established rules of statutory construction dictate that legislative intent must be discerned from the language employed if a statute is clear and unambiguous on its face. Mourot v.Ark. Bd. of Dispensing Opticians, 285 Ark. 128, 685 S.W.2d 502
(1985); Hot Springs School Dist. No. 6 v. Wells, 281 Ark. 303,663 S.W.2d 733 (1984). It is my opinion that, while the terms are not specifically defined in the act, § 12-8-104(g) is clear and unambiguous in providing for two different classifications of personnel over which the director has supervision and control,i.e., "members" and "employees."
In determining legislative intent, each section of a statute is to be read in light of every other section, and the object and purposes of the statute are to be considered. Chism v. Phelps,228 Ark. 936, 311 S.W.2d 297 (1958). Reading § 12-8-104(g) in light of the other sections of the act, it can be inferred that the legislature did intend that a distinction be made between the terms "member" and "employee." Section 12-8-105 specifically provides that "members" of the state police must "take an oath now provided by law for public officials." On the other hand, there are other individuals who are employed by the state police department who are non-sworn personnel. Section 12-8-201 states that "members" of the state police force are to be appointed by the Director of the Department of Arkansas State Police, subject to approval of the commission. Others, who are not "members" but are "employees," are non-commissioned personnel. See also
Arkansas State Police Departmental Policy 91-058A, which differentiates between sworn and non-sworn personnel. These provisions, in my opinion, are indicative of the legislature's intent to differentiate between personnel who are "members" and those who are "employees."
It is my opinion, with regard to your second question, that the prohibitions under A.C.A. § 12-8-205 apply only to commissioned officers and not to civilian employees.[1]
Arkansas Code Annotated § 12-8-205 (1987) states:
 (a) The members of the Arkansas State Police shall be required on penalty of discharge to remain constantly aloof from politics.
 (b) They shall not be at any time detailed to perform any work pertaining to political activities affecting either a candidate or measures but shall devote their entire time to the duties herein set forth.
 (c) The members of the Arkansas State Police shall not be required nor counseled to make, solicit, or prescribe contributions toward and for any political campaign of whatsoever nature.
 (d) The members of the Arkansas State Police shall not be required, nor permitted, directly or indirectly, to participate or assist in any manner in any political campaign of whatsoever nature in behalf of any candidate or measure.
 (e) They shall not voluntarily perform any work or service in connection with any political campaign of whatsoever nature, nor shall they publicly and openly espouse the candidacy of any man or measure.
 (f) It is declared to be the intention of the General Assembly to prohibit members of the Arkansas State Police from taking part, voluntarily or otherwise, directly or indirectly, from participating in any political campaign or soliciting the support thereto, votes, or contributions for any candidate or measure.
 (g) The violation of these provisions shall be sufficient for the removal of any member of the Arkansas State Police force. However, nothing in this section shall interfere with the rights of any member of the Arkansas State Police to vote for any candidate or upon any issues as his reason and conscience may dictate. [Emphasis added.]
It is my opinion, based upon the fact that the legislature apparently intended to differentiate between policies applied to "members" of the state police department and those applied to "employees" (see discussion above), that the prohibitions in §12-8-205 against participating in political activities were intended to apply only to members of the state police, and not to other employees. Thus, § 12-8-205 would not appear to prohibit civilian employees of the state police department from seeking public office.
With regard to your third question, it is my opinion that a civilian radio operator may seek the office of justice of the peace without violating the prohibitions set out in A.C.A. §12-8-205. Section 12-8-208 sets out the classification for state police radio operators. It is my understanding that civilian radio operators are not sworn and that they are non-commissioned personnel. Accordingly, it is my opinion that the prohibitions set out in § 12-8-205, which apply to "members" of the state police department, would not inhibit a civilian radio operator, who is not a "member" but a non-commissioned employee, from seeking elected office.
I am aware of no other state laws which would prohibit a civilian radio operator of the state police department from seeking the office of justice of the peace.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
WINSTON BRYANT, Attorney General
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] The constitutionality of A.C.A. § 12-8-205 is currently being litigated in U.S. District Court, Eastern District of Arkansas, in the case of Wicker et al. v. Goodwin, No. LR-C-90-139.